Walter L. JONES, Individually and Walter L. Jones, as sole stockholder of Walter L. Jones Development Corporation, Inc., Plaintiffs,

v.

SIEGFRIED CONSTRUCTION CO., INC.; Neal Cavanough; Joseph Dipirro; John W. Cowper Co., Inc., et al., Defendants.

No. CIV–83–86E.

United States District Court,
W.D. New York.

Dec. 31, 1984.

John L. Hargrave, Barbara M. Sims, Buffalo, N.Y., for plaintiffs.

Richard Lipsitz, E. Joseph Giroux, Jr., Joseph Randazzo, John Cooney, Victor C. Silverstein, Jerome C. Gorski, Buffalo, N.Y., William C. McDermott, Niagara Falls, N.Y., Timothy Toohey, Frederick C. Turner, Richard A. Clack, Joseph M. Crotty, Buffalo, N.Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiffs in this civil rights action claim discriminatory treatment arising out of the award of certain prime contracts for the construction of Buffalo's Light Rail Rapid Transit system. Presently before this Court is the motion of the co-executors of the estate of deceased defendant Marshall E. Davis to dismiss this action with respect to Davis for failure of plaintiff to properly substitute Davis's estate.

The present motion is governed by Fed.R.Civ.P. rule 25(a)(1) which provides in relevant part:

"Unless [a] motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

Although the rule provides for a 90-day limitation, a party seeking to make a late substitution may be permitted to do so under Fed.R.Civ.P. rule 6(b) if, in the Court's discretion, said party has made a

sufficient showing of excusable neglect with respect to the late motion. As this Court has previously stated: "Such a showing consists of a demonstration of good faith and 'some reasonable basis for non-compliance within the time specified in the rules.' 4 Wright & Miller, Federal Practice and Procedure: Civil § 1165, at 622 (1969)." *Al-Jundi v. Rockefeller*, 88 F.R.D. 244, 247 (W.D.N.Y.1980). The burden is on movant to make this showing. *See Yonofsky v. Wernick*, 362 F.Supp. 1005, 1012 (S.D.N.Y. 1973).

■ Davis died November 27, 1983 and the fact of his death was properly suggested on the record by notice filed January 10, 1984 and sent to counsel for all parties, including Paul Volcy, Esq. who represented plaintiffs at that time. Although the time for substitution under rule 25(a)(1) technically lapsed in April, questions regarding plaintiffs' representation which arose in March and April might well have provided sufficient mitigation under rule 6(b) had plaintiffs made an appropriate, albeit late, motion shortly thereafter. However, they did not do so. On June 4, 1984 Michael Beilewech, Jr., Esq. attorney for the co-executors of the Davis estate, moved this Court to dismiss this action as to Davis pursuant to rule 25(a)(1). By letter dated June 7, 1984, Beilewech sent a copy of a proposed order to this effect to John L. Hargrave, Esq. plaintiffs' attorney. The motion was renewed by Beilewech's August 30, 1984 affidavit which was served on Hargrave and also served on the parties to this case. Beilewech indicated he would ask this Court to sign a dismissal order October 15th when certain other pending motions were returnable in Court (the matter was ultimately heard November 19th).

Plaintiffs' first formal effort to substitute Davis's estate was by motion filed by Walter L. Jones "Pro se for himself, individually,"[1] October 10, 1984, some nine months after the fact of Davis's death had been suggested on the record. In an affidavit attached to the motion Jones states that plaintiffs' failure to move in timely fashion was due to inadvertent oversight by his attorney. Also attached to the motion is a letter dated August 7, 1984 from Hargrave to Jones referring to a July 17th letter from Beilewech and asking Jones' instructions, as well as an undated response from Jones to Hargrave asking the latter to take appropriate steps to amend the Complaint with respect to Davis. Hargrave has essentially confirmed this version of the facts by affidavit filed October 9, 1984 in a related case, CIV–80–1075E.

■ Inadvertence is not excusable neglect or a reasonable basis for failure to comply with the specific terms of rule 25(a)(1). The Court notes that even had plaintiff acted in August as Jones apparently requested Hargrave to do, such motion would not have been timely.

Accordingly, the motion to dismiss by co-executors of the estate of Marshall E. Davis is hereby ORDERED granted.

---

1. Said motion, inasmuch as it is filed by Jones himself, may well be a nullity in light of an earlier Order of the Court in *Walter L. Jones Development Corporation, Inc. v. Niagara Frontier Transportation Authority (NFTA), et al.,* 524 F.Supp. 233 (D.C.N.Y.1981) and pending matters in the present case. The question needn't be resolved at this time, however, given the disposition of the matter presently before the Court.