**Bill BOYD, Elmer Sherman, and Jiles A. Bays, Plaintiffs,**

v.

**EL PASO NATURAL GAS COMPANY, a Delaware corporation doing business in New Mexico, Defendant.**

Civ. No. 87–1210 JP.

United States District Court,
D. New Mexico.

April 13, 1989.

Jan M. Brodie, Albuquerque, N.M., for plaintiffs.

Montgomery & Andrews, P.A., Bruce Herr, Kenneth B. Baca, Santa Fe, N.M., Harold H. Young, Jr., Asst. Gen. Counsel, El Paso Natural Gas Co., El Paso, Tex., for defendant.

ORDER

PARKER, District Judge.

The subjects of this Order are the motion of defendant filed August 1, 1988 to dismiss the claims of plaintiff Jiles A. Bays, who died on or about April 16, 1988, the "Motion for Extension of Time in Which to File for Substitution of Plaintiff" filed August 11, 1988 by counsel for Jiles A. Bays and "Motion for Substitution of Plaintiff Bays" filed August 11, 1988. On April 18, 1988, defendant filed pursuant to Rule Fed. R.Civ.P. 25(a) a proper Suggestion of Death stating that plaintiff Jiles A. Bays died on or about April 16, 1988. No motion for substitution of a proper party in place of Jiles A. Bays was filed within 90 days after the Suggestion of Death was placed of record. Counsel states in the "Motion for Extension of Time in Which to File for Substitution of Plaintiff" that she simply had misread Rule 25 and, therefore, inadvertently failed to file a motion for substitution within the 90 day deadline. The failure of legal counsel to correctly read the language of Rule 25 does not constitute excusable neglect or a reasonable basis for failure to comply with requirements of the rule. *See Graham v. Pennsylvania Railroad,* 342 F.2d 914 (D.C.Cir.1964); *Jones v. Siegfried Construction Co., Inc.,* 105 F.R.D. 491 (W.D.N.Y.1984); *Farrington v. Benjamin,* 100 F.R.D. 474 (D.C.V.I.1984). Hence, the Motion to Dismiss the claims of Jiles A. Bays should be granted, the Motion for Extension of Time in Which to File for Substitution of Plaintiff and the Motion for

Substitution of Plaintiff Bays should be denied.

IT IS THEREFORE ORDERED that:

1. The Motion for Extension of Time in Which to File for Substitution of Plaintiff, filed August 11, 1988, and the Motion for Substitution of Plaintiff Bays are denied.

2. The Motion to Dismiss the claims of plaintiff Jiles A. Bays, filed August 1, 1988, is granted and all claims in this action asserted on behalf of plaintiff Jiles A. Bays are hereby dismissed.