**LEAPAGATELE KESI, for himself and on behalf of the PAEPAEULI and LEAPAGATELE FAMILIES, Plaintiff/Counterdefendant,**

**v.**

**ISUMU LEAPAGATELE AND CHILDREN, FELETI KISONA, TUSIGA MAILOTO, MATT LE`I, SESILIA VOLLRATH, SEIGFRIED VOLLRATH, JR., GISELA VOLLRATH, TELESIS ESPOSO, FAYE PUNOUAI DIONNE, LA`AULI I. TUALATAMALELAGI, AMERIKA SAMOA BANK, DEVELOPMENT BANK OF AMERICAN SAMOA, AFEIFEI AU`UPU ISUMU, FILOITUMUA ISUMU, ESETA ISUMU, SIMATI LEALI`IE`E, TALIA TOA, FA`ASALELE NE`EMIA, TUMEMA ROSELYN KIM, ALEXANDER KIM, IRENE KIM, TUVAELAGI VAIVAO JEONG, SAU CHOI, VAIGA LOGO, AMERICAN SAMOA GOVERNMENT, TERRITORIAL REGISTRAR, and DOES I-X, Defendants.**

**and**

**SALFAIA KIRKLAND, MATAVAI SUANI, AKE HALA, PENELOPE TOETU, VASEGA SEUALUGA, NOFOAIGA SEUALUGA, and LAGIULA KALEUATI, Defendants/Counterclaimants.**

**TUMEMA KIM, ROSELYN KIM, ALEXANDER KIM,**

IRENE KIM, VAIGA LOGO, and LAGIULA KALEUATI,
Cross-Claimants

v.

TERRITORIAL REGISTRAR, AMERICAN SAMOA
GOVERNMENT, and ISUMU LEAPAGATELE
AND CHILDREN, Cross-Defendants

---

SESILIA VOLLRATH, SEIGRIED VOLLRATH, JR.,
and GISELA J. VOLLRATH, Cross-Claimants

v.

TERRITORIAL REGISTER, AMERICAN SAMOA
GOVERNMENT, and ISUMU LEAPAGATELE
AND CHILDREN, Cross-Defendants

---

TUMEMA KIM, for herself and on
behalf of her CHILDREN, Plaintiff

v.

PALAIA SUA MULIPOLA, FELENI SUA MULIPOLA,
and DOES I-IV, Defendants

---

TUSIPASI TIAPULA, SAVALIGA MASUNU,
and KOLOPA P. TUAISOSOPO for themselves and
for the PAEPAEULI and LEAPAGATELE FAMILIES, Plaintiffs

v.

TUMEMA KIM and DOES I-V, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 10-91
LT No. 33-95
LT No. 35-95

January 16, 1998

Before RICHMOND, Associate Justice, and AFUOLA, Associate Judge.

Counsel: LT No. 10-91

For Plaintiff, Gata B. Gurr
For Defendants/Cross-Defendants Isumu Leapagatele and children, Defendants/Counterclaimants/Cross-Claimants Tumema Kim, Roselyn Kim, Alexander Kim, Irene Kim, and Lagiula Kaleuati, and Defendant/Cross-Claimant Vaiga Logo, Afoa L. Su`esu`e Lutu
For Defendants/Cross-Claimants Sesilia Volrath, Seigfried Volirath, Jr. and Glade Vollrath, Marie A. Lafaele
For Defendants/Counterclaimants Salafaia Kirkland, Matavi Sauni, Abe Hala, Penelope Toetu, Vaseqa Seualuga, and Nofoalga Seualuga, Tuana`itau Tuia, L.P,
For Defendant Amerika Samoa Bank, William H. Reardon
For Defendant Development Bank of American Samoa, Malaetasi M. Togafau
For Defendants/Cross-Defendants American Samoa Government and Territorial Registrar, Gwen F. Tauiliili-Langkilde, Assistant Attorney General
For all other Defendants, *Pro Se*

LT No. 33-95:
For Plaintiff, Afoa L. Su`esu`e Lutu
For Defendants, Gata B. Gurr

LT No. 35-95:
For Plaintiffs, Gata B. Gurr
For Defendants, Afoa L. Su`esu`e Lutu

197

ORDER DENYING MOTION TO DISMISS COMPLAINT,
GRANTING MOTION TO SUBSTITUTE PARTIES,
GRANTING MOTION TO DISMISS CROSS-CLAIM,
DENYING MOTION TO DISMISS CROSS-CLAIM,
DENYING MOTION FOR JUDGMENT ON THE
PLEADINGS BUT DISMISSING CLAIM,
AND SEPARATING ISSUE FOR TRIAL

This order rules on several pending motions and directs a separate trial on the underlying land title issue. The motions were heard on September 15 and 22, 1997.

## I.  Motion to Dismiss Complaint and for Substitution of Parties

On July 25, 1997, defendant/counterclaimant/cross-claimants Tumema Kim, Roselyn Kim, Alexander Kim, and Irene Kim ("Kims") moved to dismiss LT No. 10-91 on the grounds that no motion for substitution was made within ninety days after plaintiff Leapagatele Kesi's death, pursuant to T.C.R.C.P. 25(a)(1).  On August 8, 1997, Tusipasi Tiapula, Savaliga Masunu, and Kolopa P. Tuiasosopo, plaintiffs in LT No. 35-95, moved to substitute themselves as plaintiffs in place of plaintiff Leapagatele Kesi in LT No. 10-91.

T.C.R.C.P. 25(a)(1) provides the means by which another party, or the deceased party's successors or representatives, may substitute proper parties for a deceased party in pending litigation and the consequences of

non-substitution. Rule 25(a)(1), in part, states:

> Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

The ninety day time limit for the filing of a motion for substitution begins after the death is suggested upon the record.

■ As the rule states, the fact of death is suggested upon the record by the formal process used for service of the motion itself. The parties' actual knowledge of the death, or mention of the death in court proceedings or pleadings is not sufficient to trigger the running of the ninety days. *See, e.g., Barlow v. Ground,* 39 F.3d 231, 233 (9th Cir. 1994) (reversing district court dismissal based on failure to file timely motion to substitute plaintiff's estate and holding that a party must formally suggest the death upon the record and serve other parties and nonparty successors and representatives of the deceased with a suggestion of death in the same manner as required for service of the motion in order to trigger the running of the ninety days); 3B J. Moore, MOORE'S FEDERAL PRACTICE ¶ 25.06 [3] (2d ed. 1996) ("a formal suggestion of death is absolutely necessary to trigger the running of the ninety days").

■ No formal suggestion of death was made upon the record prior to the Kims' motion to dismiss. This motion triggered the ninety-day substitution period. However, the motion for substitution by Tusipasi Tiapula, Savaliga Masunu, and Kolopa P. Tuiasosopo was timely filed within the ninety-day period.

The Kims' motion to dismiss to dismiss LT No. 10-91 will be denied. The motion by Tusipasi Tiapula, Savaliga Masunu, and Kolopa P. Tuiasosopo to substitute themselves as plaintiffs in place of plaintiff Leapagtele Kesi in LT No. 10-91 will be granted.

## II. Motion to Dismiss Cross-Claim of Sesilia Vollrath, Siegfried Vollrath, Jr., and Gisela J. Vollrath

On August 21, 1997, defendants/cross-defendants Territorial Registrar ("Registrar") and American Samoa Government (ASG") moved in LT No. 10-91 to dismiss the cross-claim of defendants/cross-defendants Sesilia Vollrath, Siegfried Vollrath, Jr., and Gisela J. Vollrath ("Vollraths") for failure to state a claim upon which relief can be granted, pursuant to T.C.R.C.P. 12(b)(6). The Registrar and ASG contend that the

Vollraths have failed to exhaust administrative remedies and thus have not satisfied jurisdictional requirements to bring the claims, and that the two-year statute of limitations in which to bring their cross-claim action against the Registrar and ASG has expired. The Vollraths counter, in part, that the Registrar and ASG submitted to the court's jurisdiction and waived the exhaustion requirement by answering the original complaint in 1991.

Some T.C.R.C.P. 12 defenses are waived if they are neither asserted by motion under Rule 12, nor included in a responsive pleading or an amendment to such pleading. T.C.R.C.P. 12(h)(1). A defense of failure to state a claim upon which relief can be granted, however, "may be made in any pleading permitted or ordered under 7(a) TCRCP, or by motion for judgment on the pleadings, or at the trial on the merits." T.C.R.C.P. 12(h)(2). Similarly, a defense of lack of subject matter jurisdiction may be made at any time. T.C.R.C.P. 12(h)(3).

■ Lack of subject matter jurisdiction is appropriately asserted under Rule 12(b)(1), not Rule 12(b)(6). Because dismissal for failure to state a claim under Rule 12(b)(6) is an adjudication of the merits of the action, the court must possess subject matter jurisdiction in order to grant that relief, 2A J. Moore, MOORE'S FEDERAL PRACTICE ¶ 12.07[2.-5] (2d ed. 1996).

■ The Vollraths' cross-claim against the Registrar and ASG seeks money-damages for injury to or loss of property caused by the "negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment." Civil actions of this nature are regulated by the Government Tort Liability Act. A.S.C.A. §§ 43.1201-.1213. The High Court is conferred with exclusive trial jurisdiction over such actions. A.S.C.A. § 43.1209. However, "[a]n action may not be instituted upon a claim against the government for money damages for damage to or loss of property, . . . unless the claimant has first presented the claim to the Attorney General and his claim has been finally denied by the Attorney General . . ." A.S.C.A. § 43.1205. *See Mataipule v. Tifairnoana Partnership, Ltd.,* 14 A.S.R.2d 100, 101 (Trial Div. 1990) ("As a prerequisite to jurisdiction, the American Samoa statutory scheme requires that a prerequisite administrative claim be made and either denied or ignored for three months, at which time it is deemed denied."). The administrative claim prerequisite also applies to counterclaims, cross-claims, and third-party complaints. *Bryant v. Southwest Marine of Samoa, Inc.,* 22 A.S.R.2d 88, 89 (Trial Div. 1992).

■ "Once the existence of subject matter jurisdiction is challenged, the

burden of establishing it always rests on the party asserting jurisdiction," 2A J. Moore, MOORE'S FEDERAL PRACTICE ¶ 12.07[2.-1] (2d ed. 1996). *See also, e.g., Moir v. Greater Cleveland Regional Transit Auth.,* 895 F.2d 266 (6th Cir. 1990) (plaintiff bore burden of establishing the existence of subject matter jurisdiction). The Vollraths did not file the mandatory administrative claim with Attorney General.[1] We conclude, therefore, that this court does not yet have jurisdiction over the Vollraths' cross-claim against the Registrar and ASG.

■ Because we do not have subject matter jurisdiction, we decline to rule on the Rule 12(b)(6) aspect of the Registrar's and ASG's motion to dismiss, which asserts the defense of expiration of the statute of limitations. *Ehin v. National R.R. Passenger Corp.,* 732 F.2d 1250, 1257 (5th Cir. 1984), *cert. denied,* 469 U.S. 982, 105 S. Ct. 387, 83 L.Ed.2d 322 (1984) (holding that dismissal premised upon both Rule 12(b)(1) and (b)(6) is fatally inconsistent, because if the court lacks subject matter jurisdiction, it cannot proceed to decide the merits of the action).

Since the Vollraths did not comply with the administrative claim prerequisite, the court does not have subject matter jurisdiction over their cross-claim at this time. The Registrar's and ASG's motion to dismiss will therefore be granted for lack of subject matter jurisdiction.

## III. Motion to Dismiss Cross-Claim of the Kims, Vaiga Logo, and Laguila Kaleuati

On August 18, 1997, the Registrar and ASG moved in LT No. 10-91 to dismiss the cross-claim of the Kims, Vaiga Logo and Laguila Kaleuati for failure to state a claim upon which relief can be granted, pursuant to T.C.R.C.P. 12(b)(6). Again, the Registrar and ASG contend that the Kims, Vaiga Logo and Laguila Kaleuati failed to exhaust administrative remedies and thus have not satisfied jurisdictional requirements to bring

---

[1] The Vollraths' argument that the Registrar and ASG waived the administrative claim prerequisite is without substance. They cite *Pago Petroleum Products, Inc. v. American Samoa Power Authority,* 10 A.S.R.2d 75, 81-86 (Appellate Div. 1986) for the proposition that the jurisdictional requirement of exhaustion of administrative remedies may be waived. As the court in *Pago Petroleum* pointed out, however, an essential element of subject matter jurisdiction, such as the administrative claim mandated by the Government Tort Liability Act, cannot be waived. *Id.* at 81-82. Moreover, ASG was not a party defendant to the original complaint filed in 1991, and the Registrar only faced a demand to deregister the individually owned land title registrations at issue. The Registrar was not defending a tort claim when answering that complaint.

the claims, and that the two-year statute of limitations in which to bring their cross-claim action against the Registrar and ASG has expired. The Kims, Vaiga Logo and Laguila Kaleuati argue, in part, that their cross-claim is based in equity as well as under the Tort Claims Act, and thus is still under the jurisdiction of this court. In addition, the Kims, Vaiga Logo and Laguila Kaleuati presented their claim to the Attorney General on August 20, 1997.

Again, lack of subject matter jurisdiction is appropriately asserted under Rule 12(b)(1), not Rule 12(b)(6). Because dismissal for failure to state a claim under Rule 12(b)(6) is an adjudication of the merits of the action, the court must possess subject matter jurisdiction in order to grant that relief. 2A J. Moore, MOORE'S FEDERAL PRACTICE ¶ 12.07[2.-5] (2d ed. 1996).

■ As noted previously, "[a]n action may not be instituted upon a claim against the government for money damages for damage to or loss of property, . . . unless the claimant has first presented the claim to the Attorney General arid his claim has been finally denied by the Attorney General . . . ." A.S.C.A. § 43.1205. On August 18, 1997, when the Registrar and ASG filed their motion to dismiss, the Kims, Vaiga Logo and Laguila Kaleuati had not yet filed their administrative claim. However, on August 20, 1997, the Kims, Vaiga Logo and Laguila Kaleuati fulfilled the filing prerequisite by submitting their claim to the Attorney General. The Attorney General's failure to make a final disposition of a claim within three months after it is filed may be deemed, at the option of the claimant, a final denial of the claim. A.S.C.A. 13 43.1205(a). Because three months have passed since the Kims, Vaiga Logo and Laguila Kaleuati filed their claim, without the Attorney General acting of record on it, the court's jurisdiction over the action is apparently perfected. *See Mataipule,* 14 A.S.R.2d at 107 (Trial Div. 1990) ("While a jurisdictional defect was present when this suit was originally filed, that defect was cured by denial of the claim.").

We conclude, therefore, that the Kims, Vaiga Logo and Laguila Kaleuati met the requirements of A.S.C.A § 43.1205, which give this court jurisdiction over their cross-claim. On this basis, the Registrar's and ASG's motion to dismiss will be denied. If the Registrar and ASG wish to bring their motion again, based on the statute of limitations issue, they may. If this motion is filed, we will consider the parties' arguments concerning the statute of limitations at that time. In this regard, the parties should consider the application of the recent decision in *Bradcock v. American Samoa Gov't,* 1 A.S.R.3d 42 (Appellate Div. 1997) to the facts in LT No. 10-91.

## IV. Motion for Judgment on the Pleadings

On August 21, 1997, ASG moved in LT No. 10-91 for a judgment on the pleadings, pursuant to T.C.R.C.P. 12(c), and dismissal with prejudice of the claim against ASG by plaintiff Leapagatele Kesi, for himself and on behalf of the Paepaeiili and Leapagatele families ("Leapagateles"). As with the Registrar's and ASG's motions to dismiss, discussed above, ASG declares as grounds for a judgment on the pleadings that the Leapagateles have failed to state an actionable claim. ASG argues that the Leapagateles failed to exhaust administrative remedies and therefore have not satisfied jurisdictional requirements to bring the suit, and that the two-year statute of limitations in which to bring an action has expired.

The Leapagateles also did not effect the administrative claim requirements of A.S.C.A. § 43.1205(a). As discussed above, therefore, the court lacks subject matter jurisdiction over the Leapagateles' claim against ASG at this time. Without subject matter jurisdiction, the court is unable to determine the merits of the claim and to make a judgment on the pleadings. "Judgments on the pleadings should be given only when the merits can be determined in that manner. . . ." 2A J. Moore, MOORE'S FEDERAL PRACTICE ¶ 12.15 (2d ed. 1996). *See also Collins* v. *Bolton,* 287 F. Supp 393, 396 (N.D.Ill. 1968) (holding that where the defendant alleges only jurisdictional grounds for dismissal, the proper course is to consider the motion as one to dismiss for lack of subject matter jurisdiction because a motion for judgment on the pleadings is a motion for judgment on the merits).

Therefore, ASG's motion for a judgment on the pleadings will be denied. However, because the court does not have subject matter jurisdiction over the claim, the Leapagateles' claim against ASG will be dismissed.

## V. Separate Trial on the Underlying Land Title Issue

The court, on its own motion, pursuant to T.C.R.C.P. 42(h), will separate the trial on the underlying issue of whether the land at stake in these consolidated actions was, and still is, the Paepaeuli and Leapaqatele families' communal land or was defendant/cross-defendant Isumu Leapagatele's individually owned land prior to the transfer of portions of the land to any of the other parties to these actions as Isumu Leapagatele's successors in interest. The remaining parties, both the individuals and banking institutions, have claims to the land which are dependent on the validity of Isumu Leapagatele's claim of title to the land.

When the amended complaint in LT No. 10-91 was filed on June 19,

1997, the parties and issues in these actions became too numerous and unwieldy for a single trial. Hence, we believe that an initial trial of the underlying land title issue would be more convenient for the parties and may reach the ultimate resolution of these actions in a more expeditious and economical manner. All parties may, of course, attend and participate in this initial trial. They may present admissible evidence on the underlying land title issue and cross-examine the witnesses on this issue.

## Order

1. The Kims' motion to dismiss LT No. 10-91 is denied.

2. The motion by Tusipasi Tiapula, Savaliga Masunu, and Kolopa P. Tuiasosopo to substitute themselves as plaintiffs in place of Leapagatele Kesi in LT No. 10-91 is granted.

3. The motion by the Registrar and ASG to dismiss the Vollraths' cross-claim in LT No. 10-91 is granted.

4. The motion icy the Registrar and ASG to dismiss the cross-claim by the Kims, Vaiga Logo and Laguila Kaleuati's in LT No. 10-91 is denied.

5. ASG's motion for a judgment on the pleadings in LT No. 10-91 is denied. However, the Leapagatele's claim against ASG in LT No. 10-91 is dismissed.

6. Trial of the underlying land title issue is separated from all other issues. The trial on this issue will be held first. Any party may move for the trial setting on this issue at any time.

It is so ordered.