472

Peymon MOTTAHEDEH; et al.,
Petitioners–Appellants,

v.

Kirk TAMBORNINI, IRS Special
Agent; et al., Respondents–
Appellees.

No. 07–55530.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 6, 2008.

Peymon Mottahedeh, Phelan, CA, pro
se.

April Mottahedeh, Phelan, CA, pro se.

Freedom Law School, Phelan, CA, pro
se.

Thomas D. Coker, Esq., USLA–Office of
the U.S. Attorney Civil & Tax Divisions,
Los Angeles, CA, Curtis C. Pett, Esq.,
DOJ–U.S. Department of Justice Tax Divi-
sion/Appellate Section, Washington, DC,
for Respondents–Appellees.

Before: HAWKINS, RAWLINSON,
and M. SMITH, Circuit Judges.

MEMORANDUM **

Peymon and April Mottahedeh appeal
pro se from the district court's judgment
dismissing their action arising from a tax
investigation and under the Freedom of
Information Act ("FOIA"). We have juris-

diction under 28 U.S.C. § 1291. We re-
view de novo a dismissal for lack of per-
sonal jurisdiction, *FDIC v. British–Am.
Ins. Co.*, 828 F.2d 1439, 1441 (9th Cir.
1987), and for lack of subject matter juris-
diction, *Scholastic Entm't, Inc. v. Fox
Entm't Group, Inc.*, 336 F.3d 982, 985 (9th
Cir.2003). We affirm.

The district court properly concluded
that it lacked personal jurisdiction over
Agent Tambornini because he was never
properly served. *See* Fed.R.Civ.P. 4(i)(3);
*see also Barlow v. Ground*, 39 F.3d 231,
234 (9th Cir.1994) (explaining that in Cali-
fornia service by mail is valid only if a
signed acknowledgment is returned).

The district court did not err when it
dismissed the FOIA claims sua sponte.
*See* 5 U.S.C. § 552(a)(4)(B) (stating the
court has jurisdiction to enjoin an "agency
from withholding records and to order the
production of any agency records improp-
erly withheld"); *Scholastic Entm't*, 336
F.3d at 985 (setting forth circumstances
when a party is entitled to notice and an
opportunity to respond when a court con-
templates dismissing a claim).

Contrary to Appellants' contentions, the
district court did not err by dismissing
without leave to amend. *See Steckman v.
Hart Brewing, Inc.*, 143 F.3d 1293, 1298
(9th Cir.1998) (stating that the general
rule that parties are allowed to amend
their pleadings does not extend to cases
where amendment would be futile).

Appellants' remaining contentions are
unpersuasive.

**AFFIRMED.**

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.