FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY W. OLNEY, | No. 11-35180 |
| Plaintiff - Appellant, | D.C. No. 6:05-cv-00296-TC |
| v. | |
| JOHN HARTWIG, Department of Corrections Doctor, Snake River Correctional Institution; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann Aiken, Chief Judge, Presiding

Submitted March 6, 2012[**]

Before::    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Jeffrey W. Olney, an Oregon state prisoner, appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to

his medical needs and safety relating to his assignment to an upper bunk.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (dismissal under Fed. R. Civ. P. 25). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on the claims against defendants Gilmore, Hill, Hodge and Hicks because Olney did not raise a genuine dispute of material fact as to whether they were deliberately indifferent to his safety or were responsible for denying his requests for a low bunk assignment. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (no deliberate indifference unless prison officials know of and disregard "an excessive risk to inmate health or safety").

The district court properly dismissed Olney's claims against defendant Hartwig in his individual capacity because Hartwig is deceased and no party filed a valid motion to substitute his successor within 90 days of the filing of the suggestion of death. *See* Fed. R. Civ. P. 25(a)(1).

The district court did not explicitly address Olney's claims against defendant Hartwig in his official capacity, but dismissal of those claims was also appropriate. *See Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (the Eleventh Amendment

bars suits for money damages in federal courts against a state, its agencies, and state officials acting in their official capacities); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (injunctive relief claims relating to incarceration in a former prison were moot where prisoner "demonstrated no reasonable expectation of returning" to the former prison after being transferred).

**AFFIRMED.**

11-35180