**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARILYN TILLMAN-CONERLY, | No. 20-17502 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00950-TLN-KJN |
| v. | MEMORANDUM* |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; LAVERNE WATSON, OPM Legal Administrative Specialist, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Marilyn Tillman-Conerly appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging Fourteenth Amendment claims

against the United States Office of Personnel Management based on her federal

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

retirement benefits. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to serve the summons and complaint under Federal Rule of Civil Procedure 4(m). *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion by dismissing Tillman-Conerly's action because Tillman-Conerly failed to effect timely and proper service of the summons and complaint on defendants and did not show good cause for the failure, despite being given notice and an opportunity to do so. *See* Fed. R. Civ. P. 4(m) (district court may dismiss a claim for failure to serve, after providing notice to the plaintiff and absent a showing of good cause for failure to serve); *Sheehan*, 253 F.3d at 512 (discussing Rule 4(m)'s "good cause" standard). Moreover, as to defendant Watson, Tillman-Conerly failed to effect timely and proper service under California law. *See* Fed. R. Civ. P. 4(e) (setting forth methods for serving an individual, including by following relevant state law); Cal. Civ. Proc. Code § 415.30 (listing the requirements for service by mail under California law); *Barlow v. Ground*, 39 F.3d 231, 234 (9th Cir. 1994) ("Although California law does permit service of a summons by mail, such service is valid only if a signed acknowledgment is returned and other requirements are complied with[.]").

20-17502

We reject as meritless Tillman-Conerly's contentions that the district court was biased against her.

**AFFIRMED.**