NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCO MILLA, an individual,

Plaintiff - Appellant,

v.

CITY OF LOS ANGELES, a municipal
entity; Detective RICHARD
ULLEY; Detective JOHN VANDER
HORCK; MATTHEW VANDER HORCK,
c/o LA County Sheriff,

Defendants - Appellees.

No. 23-3661

D.C. No.
2:16-cv-00134-FWS-MRW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted June 4, 2025
Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

Marco Milla was incarcerated for over a decade for a murder he did not

commit. After his release, he sued Richard Ulley and John Vander Horck

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

("Defendants"), the lead homicide detectives on his case, under 42 U.S.C. § 1983.[1]

Milla appeals from the judgment entered for Defendants after a jury verdict.[2] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      To succeed on his malicious prosecution claim, Milla was required to show that he was prosecuted without probable cause. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Milla argues that he was prosecuted without probable cause because his prosecution stemmed from an arrest made without probable cause. Probable cause is determined by examining "the events leading up to the arrest," then deciding "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *District of Columbia v. Wesby*, 583 U.S. 48, 56-57 (2018) (internal citation and quotation marks omitted). Milla challenges several of the district court's evidentiary rulings, which we review for abuse of discretion. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1017 (9th Cir. 2015).

a.      The district court did not abuse its discretion when it admitted evidence about the 204th Street gang and Milla's prior gang affiliation. Because the location and circumstances of the homicide indicated that it was potentially gang-related, the

---

[1]      Milla's claim against Defendant City of Los Angeles was dismissed by the court pursuant to Fed. R. Civ. P. 50, a ruling that Milla does not challenge on appeal.
[2]      We assume the parties' familiarity with the background of this case and discuss only the facts that are necessary to explain the disposition.

gang evidence was relevant to whether there was probable cause to arrest Milla. *See* Fed. R. Evid. 401. The evidence was not more prejudicial than probative under Fed. R. Evid. 403. The district court provided a limiting instruction stating that gang evidence could be considered only for the purpose of determining whether there was probable cause to arrest Milla. The court also sustained Milla's objections to potentially inflammatory gang-related testimony.

b.      The district court did not abuse its discretion when it admitted evidence of Milla's prior arrest. The prior arrest was a "historical fact" known to Defendants at the time of Milla's arrest for homicide and was relevant to the probable cause determination. *Wesby*, 583 U.S. at 56. The evidence was not more prejudicial than probative, and the district court provided a limiting instruction to mitigate any prejudice.

c.      The district court did not abuse its discretion when it admitted evidence that Milla's counsel met with witness Ramar Jenkins before Jenkins recanted his prior testimony. The circumstances of Jenkins's recantation were relevant to the jury's evaluation of his testimony. *See United States v. Scheffer*, 523 U.S. 303, 313 (1998) ("Determining the weight and credibility of witness testimony" is the province of the jury.); *Gable v. Williams*, 49 F.4th 1315, 1323 (9th Cir. 2022) (noting, in the habeas context, that courts consider the "context [and] circumstances and timing of [a] recantation" when evaluating its likely effect on a juror).

d. The district court did not abuse its discretion when it excluded evidence of Milla's factual innocence. Milla's factual innocence was not known to Defendants at the time of their investigation, so it could not show that they lacked probable cause. Milla is correct that he was required to show "that the prior proceedings terminated in such a manner as to indicate his innocence." *Awabdy*, 368 F.3d at 1068. But factual innocence and favorable termination are not synonymous, and the district court's order did not bar Milla from introducing evidence that the state dismissed the case against him. The district court also did not prevent Milla from asking Defendants about whether and to what extent they investigated other suspects, including an alternate suspect.

2. Milla argues that the district court erred when it dismissed four jurors for cause. The dismissal of a juror for cause based on actual bias is reviewed "for manifest error or abuse of discretion." *United States v. Gonzalez*, 214 F.3d 1109, 1112 (9th Cir. 2000) (internal citation and quotation marks omitted). The record shows that all four jurors demonstrated actual bias in favor of Milla, and the district court did not abuse its discretion when it struck them for cause.

Milla also argues that the district court erred when it reopened peremptory challenges to the entire panel after the jury was sworn and a fifth juror was dismissed for cause. Even assuming error, Milla has not shown that reversal is warranted. He has "presented no evidence that the seated jurors in his case were partial or otherwise

failed to perform their duties in any way." *United States v. Lindsey*, 634 F.3d 541, 554 (9th Cir. 2011).

3.     Milla argues that the district court erroneously instructed the jury. "[W]hen a party challenges a jury instruction as an incomplete, and therefore incorrect, statement of the law," we review the instructions de novo. *Hunter v. County of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011) (internal citation and quotation marks omitted). "Prejudicial error results from jury instructions that, when viewed as a whole, fail to fairly and correctly cover the substance of the applicable law." *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002).

The district court denied Milla's request to instruct the jury that "being a gang member alone is not enough to establish probable cause" as part of the gang-evidence limiting instruction. But the district court separately instructed the jury that probable cause is evaluated under the totality of the circumstances. Viewed as a whole, the instructions provided a complete and correct statement of the law.

Milla also argues that the jury instructions were erroneous because they did not include language from *Smiddy v. Varney*, 665 F.2d 261, 267 (9th Cir. 1981), stating that "[w]here the plaintiff has introduced evidence to rebut the presumption [of prosecutorial independence], the burden remains on the defendant to prove that an independent intervening cause cuts off his tort liability." This instruction was unnecessary because an intervening cause was not at issue in the case. The jury

instructions "fairly and adequately cover[ed] the issues presented," "correctly state[d] the law," and were not "misleading." *White*, 312 F.3d at 1012.

4.     The district court did not err when it dismissed Defendant Vander Horck due to Milla's failure to comply with Federal Rule of Civil Procedure 25. "The proper interpretation of Rule 25(a) is a question of law that we review de novo. Factual findings relevant to the application of Rule 25(a) are reviewed for clear error." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations and quotation marks omitted). The record supports the district court's determination that Milla provided insufficient evidence to corroborate the identity of Vander Horck's successor.

5.     Finally, Milla asserts that the district court was biased against him and in favor of Defendants. The record does not support Milla's assertion.

**AFFIRMED.**

6                                                                          23-3661