Samir **KALDAWY**, as Administrator of the Estate of Renee Kaldawy, Plaintiff,

v.

**GOLD SERVICE MOVERS, INC.,** d/b/a Gold Service Movers Mayflower, A–1 Connection Moving & Storage, Inc., Aero Mayflower Transit Co. Inc., Bruce J. Gold and Monica Lane, Defendants.

No. 85 Civ. 8483 (WK).

United States District Court, S.D. New York.

Feb. 22, 1990.

Daniel S. Perlman, Weg and Myers, P.C., New York City, for Showky Kaldawy.

Kenneth R. Feit, Tell, Cheser & Breitbart, New York City, for defendant Federal Ins. Co.

Richard M. Gates, Garden City, N.Y., for defendant Aero Mayflower Transit Co.

Kevin Barry McHugh, Costello & Shea, New York City, for defendants Bruce J. Gold and A–1 Connecticut Moving & Storage Inc.

Lori Samet Schwarz, Brodsky, Altman & McMahon, New York City, for defendants Monica Lane and Gold Service Movers, Inc.

WHITMAN KNAPP, District Judge.

In this action for damages, Showky Kaldawy ("Showky") moves to be substituted for the deceased plaintiff, Samir Kaldawy ("Samir"). Defendants Federal Insurance Company, A–1 Connecticut Moving & Storage, Inc., Aero Mayflower Transit Co., Inc., and Bruce J. Gold ("defendants") cross-move for dismissal of the action on two grounds: 1) pursuant to Rule 41(b), for want of prosecution, and 2) pursuant to Rule 25(a)(1), for failure to timely move for substitution. For reasons that follow, we deny defendants' motion to dismiss and grant Showky's motion for substitution.

## BACKGROUND

In November 1985, Mrs. Renee Kaldawy brought this action against various moving and storage companies. In December 1986, following Mrs. Kaldawy's death, Samir Kaldawy, her husband and the administrator of her estate, was substituted as plaintiff. On October 22, 1988, Samir died, and on November 2, 1988, we issued an order noting his death and placing the case on our suspense calendar pending the appointment of a new administrator for Mrs. Kaldawy's estate. Our records reflect that a copy of that order was mailed by chambers to each of the various defendants' counsel and to Weg & Myers, P.C., counsel of record for Samir. On June 6, 1989, over the objections of Mrs. Kaldawy's daughter (who was incarcerated at the time), the Bergen County New Jersey Surrogate's Court appointed Showky, Samir's brother, as administrator of Mrs. Kaldawy's estate, who later engaged a Weg & Myers attorney—who had never before been involved in the litigation—to represent him as administrator. On January 19, 1990, Showky filed the present motion to be substituted as plaintiff.

## DISCUSSION

Defendants' motion to dismiss for want of prosecution merits only brief discussion.

We are satisfied that any delay in the progress of this litigation resulted principally from the death of the plaintiff, the difficulty encountered in appointing a substitute administrator for Mrs. Kaldawy's estate, and the retention by him of a new attorney.

We turn now to plaintiff's motion for substitution and defendant's contention that it was not timely made. Fed.R.Civ.P. 25(a)(1) requires that a motion for substitution for a deceased party be made "not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death." The question presented is whether the mailing of our suspense order to Weg & Myers triggered the running of the 90 day period within which the motion for substitution for the plaintiff should have been filed.

Citing *Jones v. Siegfried Construction Co.* (W.D.N.Y.1984) 105 F.R.D. 491 *aff'd* (2d Cir.1986) 792 F.2d 136, defendants contend that it had such an effect, and because the motion for substitution was not filed until more than a year later, the motion should be denied and the action dismissed. Showky, the would-be plaintiff, citing *Rende v. Kay* (D.C.Cir.1969) 415 F.2d 983, *Yonofsky v. Wernick* (S.D.N.Y.1973) 362 F.Supp. 1005, and *In re Klein* (E.D.N.Y. Bank.1984) 36 B.R. 390, argues that our suspense order did not trigger the running of the 90 days because it did not substantially conform to Form 30 of the Appendix of Forms to the Federal Rules and because it was served by the court rather than by a party or the successor or representative of the deceased party.

We find that the mailing of our suspense order to Weg & Myers did not constitute service upon a party or non-party, and therefore did not trigger the running of the ninety day period. Rule 25 plainly requires that the statement of the fact of death be served upon parties and persons not parties. Fed.R.Civ.P. 25(a)(1). It would appear, therefore, that a statement of the fact of death must first be served upon a party or non-party before it can operate to limit the time within which that party or non-party must file a motion for substitution. Upon Samir's death, Weg & Myers of course no longer represented him, and the mailing of the suspense order to Weg & Myers therefore could not possibly have constituted service upon a party. Nor could it have constituted service upon Showky, who had not yet been appointed administrator of Mrs. Kaldawy's estate and therefore could not have retained Weg & Myers to represent him in that capacity. In light of the foregoing, we conclude that Showky's motion was timely.

The result of our ruling is that it is impossible to effectively serve a notice of the death of a party until a representative has been appointed, a contingency which, the defendants contend, is beyond the control of a surviving party. They argue that our ruling would require surviving parties to tolerate delay in the institution of proceedings to appoint a representative for a deceased party, no matter how lengthy or inexplicable. This contention is erroneous. Most, if not all, states by statute authorize a surviving party in a litigation to petition for the appointment of an administrator or executor for the estate of a deceased adversary.[1] Therefore, should a survivor so desire, it may itself effect the appointment of a representative whose time for substitution it may then limit by serving upon such representative a notice of the fact of the death.

## CONCLUSION

Defendants' motion to dismiss is denied, and the motion of Showky Kaldawy to be substituted for the deceased plaintiff is granted.

SO ORDERED.

---

1. For example, in New York, the Surrogate's Court Procedure Act expressly authorizes a surviving party to petition for the appointment of an executor or administrator for the estate of a deceased adversary. *See* N.Y.Surr.Ct.Proc. Act §§ 1002(1), 1402(1)(c) (McKinney's 1990).