Brian BARLOW, Plaintiff–Appellant,

v.

George GROUND, Officer # 9129; L.O. Oberlies, Officer # 1706; A. Tucker, Officer # 9363; Ray Shay, Officer # 3269, et al., Defendants–Appellees.

No. 93–55339.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 1994.

Decided Nov. 3, 1994.

George Weingarten, San Diego, CA, for plaintiff-appellant.

James M. Chapin, Deputy City Atty., San Diego, CA, for defendants-appellees.

Before: WALLACE, Chief Judge, REINHARDT, Circuit Judge, and TANNER,* District Judge.

WALLACE, Chief Judge:

The estate of Brian Barlow appeals from an order of the district court dismissing Barlow's civil rights action for failure to substitute the estate within the 90 day period provided by Federal Rule of Civil Procedure 25(a)(1). The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We reverse and remand.

I

Barlow was the plaintiff in a civil rights action against the City of San Diego and five of its police officers (City). In an earlier appeal, we held that the warrantless seizure of Barlow's blood violated the Fourth Amendment, and remanded the case to the district court. *Barlow v. Ground,* 943 F.2d 1132, 1137–39 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2995, 120 L.Ed.2d 872 (1992).

While the case was on appeal, Barlow died. Thereafter, his attorney, Weingarten, continued to pursue settlement with the City. The City alleges Weingarten made statements that indicate he had secured authorization to settle from the personal representative of Barlow's estate. Weingarten disputes this. After the prior appeal was final and the City's writ of certiorari was denied, the City suggested Barlow's death on the record and served the suggestion on Weingarten by first class mail. The suggestion of death, along with notice of service by mail, was filed on June 25, 1992. On October 2, the City moved to dismiss the case for failure to substitute the proper party within the 90 day period established by Rule 25(a)(1). Weingarten, now representing Barlow's father and acting as legal representative of Barlow's estate, moved on October 8 to have Barlow's father substituted as plaintiff. The district court denied the motion to substitute and dismissed the action pursuant to Rule 25(a)(1).

II

Barlow's estate asserts that the suggestion of death was not properly served upon Barlow's estate and, therefore, that the 90 day period under Rule 25(a)(1) was never triggered. The estate also maintains that even if service of the suggestion was proper, the district court nevertheless should have allowed substitution pursuant to Federal Rule of Civil Procedure 60(b) on the ground that the estate's failure to file timely the motion to substitute constituted "excusable neglect." Because we dispose of this appeal on the first issue, we do not reach the question of excusable neglect.

---

merely clarifying and therefore applicable to Van Krieken. The Statutory Index, however, still requires the district judge to determine the most applicable guideline to the offense conduct where more than one guideline is identified.

The district judge properly did so in this instance.

* Honorable Jack E. Tanner, United States District Judge, Western District of Washington, sitting by designation.

The proper interpretation of Rule 25(a) is a question of law that we review de novo. *Jenkins v. Whittaker Corp.*, 785 F.2d 720, 736 (9th Cir.), *cert. denied*, 479 U.S. 918, 107 S.Ct. 324, 93 L.Ed.2d 296 (1986). Factual findings relevant to the application of Rule 25(a) are reviewed for clear error. Fed. R.Civ.P. 52(a); *Insurance Co. of Penn. v. Associated Int'l Ins. Co.*, 922 F.2d 516, 520 (9th Cir.1991).

Rule 25(a)(1) provides that:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of · the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and *upon persons not parties in the manner provided in Rule 4 for the service of a summons,* and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record *by service of a statement of the fact of death as provided herein for the service of the motion,* the action shall be dismissed as to the deceased party.

Fed.R.Civ.P. 25(a)(1) (emphasis added).

Although Rule 25(a)(1) could be clearer, a careful reading of the rule coupled with an understanding of its function leads to the conclusion that the rule requires two affirmative steps in order to trigger the running of the 90 day period. First, a party must formally suggest the death of the party upon the record. *Anderson v. Aurotek*, 774 F.2d 927, 931 (9th Cir.1985); *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir.1990) (*Grandbouche*); 3B Moore's Federal Practice ¶ 25.06[3] (2d ed. 1991) ("a formal suggestion of death is absolutely necessary to trigger the running of the ninety days"). · Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Fed. R.Civ.P. 25(a)(1). Thus, a party may be served the suggestion of death by service on his or her attorney, Fed.R.Civ.P. 5(b), while

non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. *Grandbouche*, 913 F.2d at 837 ("the service required by Rule 25(a)(1) on non-parties, specifically· the successors or representatives of the deceased party's estate, must be served pursuant to Fed.R.Civ.P. 4"); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961–62 (4th Cir.1985) (*Fariss*) (successors and representatives of the deceased party must be personally served the suggestion of death); 3B Moore's Federal Practice ¶ 25.06[3] (2d ed. 1991) ("service of the suggestion of death upon parties is to be effected in accordance with Rule 5, and upon non-parties as provided in Rule 4").

An important function is fulfilled by requiring different methods of service upon parties and nonparties. Rule 5 permits service upon a party by ordinary mail addressed to his or her attorney. Since the notice can be addressed to the attorney, there is no guarantee that the party personally will receive notice. It can generally be presumed, however, that a party's attorney will notify the party of important ·developments and take appropriate action to protect the party's interests. Non-party successors or representatives. of the deceased party, however, may not be protected by the attorney of the deceased party. It is entirely possible that no relationship will exist between them, and that the successor or representative will be represented by other counsel or by no counsel at all. Because of the nonparty's distance from the litigation, it may be that a nonparty will be unaware of the need to act to preserve the claim. As the .court in *Fariss* explained, "[p]ersonal service of the suggestion of death alerts the nonparty to the consequences of death to a pending suit, signaling the need for action to preserve the claim if so desired." *Fariss*, 769 F.2d at 962. Indeed, the present Rule 25 was designed "to inform all interested persons of the death so that they may take appropriate action." 3B Moore's Federal Practice ¶ 25.06[2] (2d ed. 1991) (discussing the 1963 amendments to Rule 25). Thus, we hold that the 90 day period provided by Rule 25(a)(1) will not be triggered against Barlow's estate until the

appropriate representative of the estate is served a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4.

The City points to *Yonofsky v. Wernick,* 362 F.Supp. 1005, 1011–12 (S.D.N.Y.1973), in which the district court held that the suggestion of death need not be served upon the nonparty successors or representatives of the estate when the appropriate persons could not be ascertained at the time the suggestion of death was made. *But see Kaldawy v. Gold Service Movers,* 129 F.R.D. 475, 477 (S.D.N.Y.1990) (the 90 day period cannot be triggered until a representative of the estate is appointed and served the suggestion of death). We need not reach this question because clearly the City knew the identity of the executor of Barlow's estate. Weingarten provided the City with a copy of Barlow's will that identified the name and address of Barlow's executor.

### III

■ Barlow's estate asserts that the 90 day period was not triggered because the estate was never served with the suggestion of death in the manner provided by Rule 4. The City maintains, however, that Weingarten was acting as attorney for the estate, and that service upon him satisfied the requirement that the nonparty successors or representatives of the estate be served the suggestion of death. We need not reach the question whether service on the attorney for the nonparty estate satisfies Rule 25(a)(1). Even if Weingarten was acting as attorney for the estate and service upon the executor of the estate was not also required by Rule 25(a)(1), the service made upon Weingarten by mail clearly did not comply with Rule 4.

The relevant sections of Rule 4(e) provide that service may be effected:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, *for the service of a summons* upon the defendant in an action brought in the courts of general jurisdiction of the State; or

(2) by delivering a copy of the summons ... to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons ... to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e) (emphasis added). Service was neither personally delivered nor left at Weingarten's dwelling. Likewise, no waiver of service was obtained pursuant to Rule 4(d). Thus, service would have been valid only if it complied with "the law of the state in which the district court is located, or in which service is effected, *for the service of a summons.*" Fed.R.Civ.P. 4(e)(1) (emphasis added). Because the district court was located in California and service was attempted in California, service will be valid under Rule 4(e)(1) only if it complies with California law governing the service of a summons.

The service made upon Weingarten did not comply with California law governing service of a summons. The City filed a "Declaration Of Service By Mail" which recites that the suggestion of death was mailed to Weingarten. Although service of the suggestion of death on Weingarten may have complied with California Code of Civil Procedure § 1013(a), this provision of California law applies not to service of a summons, but only to service of a notice or other paper. Cal. Civ.Proc.Code § 1016 (Deering 1994) ("The foregoing provisions of this Chapter do not apply to the service of a summons or other process."); *Shoei Kako Co. v. Superior Court,* 33 Cal.App.3d 808, 821, 109 Cal.Rptr. 402 (1973) (Cal.Civ.Proc.Code §§ 1013 and 1013(a) do not apply to the service of a summons). Although California law does permit service of a summons by mail, such service is valid only if a signed acknowledgment is returned and other requirements are complied with, Cal.Civ.Proc.Code § 415.30 (Deering 1994); *Tandy Corp. v. Superior Court,* 117 Cal.App.3d 911, 913, 173 Cal.Rptr. 81 (1981) (service by certified mail does not constitute constructive service where acknowledgment not executed and returned pursuant to California Code of Civil Procedure § 415.30), or a copy is also left at the person's office or dwelling. Cal.Civ.Proc. Code § 415.20. That did not occur here. Thus, service of the suggestion of death was not made "pursuant to the law of the state

... for the service of a summons." Fed. R.Civ.P. 4(e)(1).

Because service of the suggestion of death was not made pursuant to Rule 4, as provided for in Rule 25(a)(1), the 90 day period was not triggered. Therefore, the order of the district court dismissing the action is reversed and the case is remanded to the district court.

REVERSED AND REMANDED.