**Michael CHOBOT, Plaintiff,**

v.

**William POWERS, Nurse Lindsay, and Hubert J. Speckard, Defendants.**

**No. 95–CV–0648F.**

United States District Court, W.D. New York.

Nov. 26, 1996.

Michael Chobot, Eastern New York Correctional Facility, Napanoch, NY, Pro Se.

Dennis C. Vacco, Attorney General of the State of New York (Ralph M. Visano, Assistant Attorney General, of counsel), for Defendants.

## DECISION AND ORDER

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

The parties to this action executed a consent to proceed before the undersigned, pursuant to 28 U.S.C. § 636(c), which was filed on December 4, 1995. This action is presently before the court on Defendants' motion to dismiss, filed May 22, 1996 and Plaintiff's motion for partial summary judgment and a determination under Fed.R.Civ.P. 56(c) which was filed on December 28, 1995.

### BACKGROUND and FACTS [1]

Plaintiff, Michael Chobot, filed this 42 U.S.C. § 1983 action *pro se*, on August 1, 1995 while incarcerated at Groveland Correctional Facility. Chobot alleges in his complaint that his rights pursuant to the Fourteenth Amendment, New York Public Health Law section 2782 and 5 U.S.C. § 552(a) [2] were violated by Defendants when Chobot's HIV-positive status was revealed to over one hundred administrative officials at the Groveland Correctional Facility, without Chobot's consent.

---

[1]. The fact pattern is taken from the papers filed in relation to Defendants' motion to dismiss, along with the complaint filed in this action.

[2]. Section 552 of Title 5 of the United States Code governs what agency rules, opinions, orders, records, and proceedings shall be made available as public information. 5 U.S.C. § 552(a).

Specifically, Chobot alleged Defendants revealed his HIV-positive status when, in connection with a urinalysis test to which Chobot was subjected for suspected use of illegal drugs, which was administered on September 11, 1994 while Chobot was incarcerated at Groveland, Chobot's Medication Certification was released, which indicated that Chobot took medications commonly prescribed for HIV-positive patients. Chobot claims as a result of Defendants' alleged unauthorized and illegal actions, he was charged in a discriminatory misbehavior report with use of contraband drugs, for which a subsequent hearing was held with the result that Chobot suffered irreparable harm.

On August 11, 1995, United States District Judge Michael A. Telesca granted Chobot *in forma pauperis* status. Defendants Lindsay and Speckard acknowledged service on October 10, 1995, and Defendant Powers acknowledged service on October 27, 1995.

Defendants' answer, filed on October 3, 1995, denied the allegations of Chobot's complaint, but admitted that Chobot was found guilty of using a controlled substance. The answer raised five affirmative defenses including (1) a failure to state a claim, (2) qualified immunity, (3) a failure to exhaust available administrative remedies, (4) a lack of subject matter jurisdiction, and (5) that Defendants Powers and Speckard were not personally involved in the alleged actions and thus were not proper defendants in this action.

Chobot moved for partial summary judgment under Fed.R.Civ.P. 56 on December 28, 1995. Defendants were directed by the undersigned to respond to Chobot's motion by March 8, 1996. Defendants, however, never responded to Chobot's motion as they were informed, in a letter written by Donna M.

Hunt, the Inmate Records Coordinator at Eastern New York Correctional Facility, and dated January 22, 1996, that Chobot died away on December 31, 1995.

On January 26, 1996, Defendants filed a statement of fact of death pursuant to Fed. R.Civ.P. 25(a)(1). Defendants then filed, on May 22, 1996, a motion to dismiss pursuant to Rule 25(a)(1).

Based on the following discussion, Defendants' motion to dismiss is GRANTED. Accordingly, Plaintiff's motion for summary judgment is DISMISSED as moot.

### DISCUSSION

■ Defendants seek to dismiss Chobot's action pursuant to Fed.R.Civ.P. 25(a)(1) on the basis that Chobot died on December 31, 1995 while this action was pending and that no representative has moved to be substituted within ninety days of the service of suggestion of Chobot's death. However, certain actions survive a plaintiff's death. Although there is no express provision in the Civil Rights Act of 1871 for the survival of a § 1983 claim, under 42 U.S.C. § 1988, state law may be incorporated when necessary to furnish suitable remedies for § 1983 claims, provided the state law is not inconsistent with federal policy.[3] *Estate of Masselli by Masselli v. Silverman*, 606 F.Supp. 341, 343 (S.D.N.Y.1985). Under New York law, a claim arising from the alleged violation of a plaintiff's civil rights survives the death of the plaintiff and may be asserted or continued by the deceased plaintiff's personal representative. *Barrett v. United States*, 689 F.2d 324, 331 (2d Cir.1982), *cert. denied*, 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983); *See also*, N.Y.Est.Powers & Trust Law § 11–3.2(b) (McKinney 1996).[4] A cause

---

**3.** 42 U.S.C. § 1988 provides in relevant part that "[t]he jurisdiction in civil ... matters conferred on the district courts by the provision of this Title, and of Title "CIVIL RIGHTS" ... for the protection of all persons in the United States in their civil rights ... shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against the law, the

common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil ... case is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause...."

**4.** "No cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed. For any injury an action may be brought or

of action that survives a plaintiff's death inures to the deceased plaintiff's estate. *Barrett, supra,* at 331. Thus, Chobot's pending civil rights action against Defendants survived Chobot's death and now may be asserted, if at all, on behalf of Chobot's estate.

■ For a surviving action to continue after the death of the plaintiff, however, it must be pursued by the personal representative of the deceased plaintiff's estate. *Estate of Masselli, supra,* at 343. Under Fed. R.Civ.P. 25(a)(1), the personal representative of the deceased plaintiff's estate must move for a substitution of parties, or the action may be dismissed. Furthermore, the time in which such representative may move for substitution can be limited by the opposing party. Specifically, Rule 25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is not made later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed.R.Civ.P. 25(a)(1).

■ In this case, Defendants started the ninety-day period within which a motion could be made to substitute a plaintiff in Chobot's action by serving by first class mail, on January 25, 1996, a statement of fact of Chobot's death on Rodney C. Early, Clerk of the United States District Court for the Western District of New York, and on Chobot at his last known address at Eastern Correctional Facility. The statement mailed to Chobot was returned by the United States Postal Service, bearing a marking that it was undeliverable as Chobot was deceased. Such service, however, complies with Fed.R.Civ.P. 5 and is sufficient to support granting a motion to dismiss in the absence of a timely motion for substitution pursuant to Rule 25. *Izzarry v. Sullivan,* 1989 WL 74410 *1 (S.D.N.Y.1989) (service of a statement of death was deemed in compliance with Rule 5 where the defendant mailed a copy of the statement of death to deceased plaintiff's last known address, and the envelope was returned by the United States Postal Service). Although the court in *Izzarry* ascertained that the public administrator of the county in which the plaintiff died had no interest in opposing the motion, neither did the court intimate such ascertainment was a prerequisite under Rule 25 to granting dismissal.

■ The court notes that there is case law which suggests that for an effective suggestion of death to be interposed on behalf of a deceased defendant, the suggestion must identify the representative of the deceased party's estate. In *Al–Jundi v. Rockefeller,* 757 F.Supp. 206, 210 (W.D.N.Y.1990), the court held that the failure to name such representative in the statement of death nullified the suggestion of death filed by the defendant's attorney, and did not commence the running of the ninety day period in which the motion for substitution of a deceased party must be made. Also, in *Kaldawy v. Gold Service Movers, Inc.,* 129 F.R.D. 475, 477 (S.D.N.Y.1990), the court held its own letter notice to counsel to the deceased party was not effective service to commence running the ninety day period and stated that if no representative had been appointed for the deceased party's estate, then under New York law, the surviving party to a pending action must resort to §§ 1002(1) and 1402(1)(c) of the Surrogate Court Procedure Act, which "expressly authorizes a surviving party to petition for the appointment of an executor or administrator for the estate of a deceased adversary." *Kaldawy, supra.,* 129 F.R.D. at 477 n. 1.

continued by the personal representative of the decedent...." N.Y.Est.Powers & Trusts Law

§ 11–3.2 (McKinney 1996).

Requiring that the representative of the deceased party's estate be identified in the statement of death, however, has been specifically rejected in cases where the statement of death is filed by a surviving party to the action. In *Rende v. Kay*, 415 F.2d 983, 985–86 (D.C.Cir.1969), the court stated that the Advisory Committee that drafted Rule 25 plainly contemplated that "the suggestion of death emanating from the side of the deceased would identify a representative of the estate," but that requiring the surviving party to locate the representative of the deceased party's estate was an imposition of an undue burden. Additionally, in *Yonofsky v. Wernick*, 362 F.Supp. 1005, 1012 (S.D.N.Y. 1973), the court held that where the defendant suggested plaintiff's death by serving on the plaintiff's attorney a suggestion of death which failed to name the plaintiff's representative, the defendant had complied with Rule 25(a) as the surviving party to an action would not be in the same position to know the representative of the deceased party's estate, as would counsel for the deceased party. It follows from these cases that if requiring a surviving party to locate the representative of a deceased party's estate imposes an undue burden on the surviving party, then requiring a surviving party to commence a separate action in surrogate court to appoint a representative for the deceased party's estate is also unduly burdensome.

In the instant case, the statement of death was filed by Defendants, and the court finds that Defendants, as the surviving party, were not required to identify the representative of Chobot's estate in the statement of death, as such a requirement would be unduly burdensome. *Cf. Al-Jundi, supra.* This court finds the reasoning of *Izzarry, Rende,* and *Yonofsky,* to be persuasive. Under the construction of Rule 25 offered by the court in *Kaldawy* proper service of the suggestion of death could not be effected until a representative were appointed. The flaw in this expansive view of the requirements of Rule 25 is, however, that it presumes such a representative can be appointed. Sadly, this is not necessarily the case for *pro se* prisoner litigants. The practical burdens on defendants in this category of civil case if *Kaldawy* were

followed would be significant. Absent clear direction in the rule to the contrary, this court will not require more. *See Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 317–18, 70 S.Ct. 652, 659, 94 L.Ed. 865 (1950) ("extended and impractical searches are not required in the name of due process").

Thus, the court finds that the statement of death was properly served, in accordance with Fed.R.Civ.P. 5, on Chobot at his last known address, and on the Clerk of the Court. Further, as more than ninety days have passed since such service, and as there has been no motion pursuant to Rule 25(a)(1) to substitute a party on behalf of Chobot, dismissal of the action is appropriate.

### CONCLUSION

Based on the foregoing discussion, Defendants' motion to dismiss is GRANTED. Accordingly, Chobot's motion for summary judgment is DISMISSED as moot.

SO ORDERED.