Ruth M. SCHWISTER, Plaintiff-Respondent,

v.

Daniel V. SCHOENECKER, Defendant-Appellant.

Supreme Court

*No. 01–2621. Oral argument November 7, 2002.—Decided December 27, 2002.*

2002 WI 132

(Also reported in 654 N.W.2d 852.)

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE.   This case comes before the court on certification from the court of appeals pursuant to Wis. Stat. § 809.61 (1999–2000).[1] It is an appeal from an order issued by the Circuit Court for Waukesha County, Kathryn W. Foster, Judge, granting the motion of Richard Schoenecker, personal representative of the Estate

[1] On certification, all issues raised on appeal are before this court. *State v. Stoehr,* 134 Wis. 2d 66, 70, 396 N.W.2d 177 (1986); Wis. Stat. §§ 808.05(2) and (Rule) 809.61. The court of appeals, however, identified two specific issues for certification:  (1) whether a suggestion of death filed by a surviving party to an action pursuant to Wis. Stat. § 803.10(1)(a) (1999–2000), prior to the appointment of a personal representative, begins tolling the 90–day substitution period when it is served upon counsel for the deceased party; and (2) whether a suggestion of death filed by a surviving party to an action must identify a proper party to substitute.

All subsequent references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

5

of Ruth Schwitzer, to be substituted as the plaintiff in this action. Ruth Schwitzer, the plaintiff, died after she brought this action against her son, the defendant, Daniel Schoenecker, for the return of funds that he was to manage on her behalf. We affirm the order of the circuit court and remand the cause for further proceedings.

¶ 2.   The issue in this case is whether the motion for substitution was timely. Wisconsin Stat. § 803.10(1)(a) directs that a motion for substitution of a deceased party be dismissed when it is made more than 90 days after the death is suggested on the record by service of a statement of the facts of the death as provided by the statute. The specific question of law presented here is whether the defendant's suggestion of death, served only on the deceased plaintiff's attorney prior to the appointment of a personal representative, satisfied § 803.10(1)(a) and thereby activated the 90–day time period in which a motion for substitution was to be filed.

¶ 3.   We hold, on the facts of this case, that service of the suggestion of death only on the deceased plaintiff's attorney of record was insufficient to activate the 90–day time period in which a motion for substitution is to be filed under Wis. Stat. § 803.10(1)(a). To trigger the 90–day time period in the present case the defendant was obliged to serve his brothers as nonparties. Serving his brothers was necessary to reasonably protect their interests and the interests of the decedent when no personal representative had yet been appointed. Moreover, requiring the defendant, the surviving party in the present case, to locate and serve his brothers, who were known to the defendant to be

6

potential successors or representatives of the decedent, would not unduly burden the defendant or unreasonably delay the litigation.[2]

¶ 4.   Wisconsin Stat. § 803.10(1)(a) governs substitution for a deceased party and provides as follows:

### 803.10. Substitution of parties.

(1) Death. (a) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in s. 801.14 and upon persons not parties in the manner provided in s. 801.11 for the service of a summons. Unless the motion for substitution is made not later than 90 days after the death is suggested on the record by service of a statement of the facts of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

¶ 5.   A procedure for substitution of a deceased party is needed when an action survives the decedent's death. This concept is neither complicated nor controversial. Yet the number of reported cases and commentaries on the process of substitution suggests that Wis. Stat. § 803.10(1)(a) and the federal rule upon which it is based are neither simple nor uniformly interpreted.

---

[2] Because we hold that service of the suggestion of death on only the deceased plaintiff's attorney did not activate the 90–day period for filing a motion for substitution in this case, we address neither the second issue certified by the court of appeals, whether the suggestion of death must identify a proper party to substitute, nor the relevant case on that issue, *Wick v. Waterman,* 143 Wis. 2d 676, 421 N.W.2d 872 (Ct. App. 1988).

## I

¶ 6.  The following timeline presents the pertinent undisputed facts in this case:

**April 28, 2000**: The complaint is filed by the plaintiff mother, Ruth M. Schwister, against one of her sons, Daniel V. Schoenecker. She is represented by Attorney Robert Pyzyk.

**May 6, 2000**: The parties agree to try to resolve the dispute and suspend the defendant's obligation to file an answer.

**November 4, 2000**: The plaintiff mother dies.

**November 6, 2000:** The circuit court dismisses the action for failure to prosecute.

**December 13, 2000**: The circuit court vacates its dismissal order and orders the defendant to file an answer prior to mid-February.[3]

**February 8, 2001**: The defendant files an answer and a suggestion of death with the Waukesha County Clerk of Circuit Court,[4] serving both documents on Attorney Pyzyk by mail.

**May 10, 2001:** More than 90 days have elapsed since the suggestion of death was filed in circuit court on February 8, 2001.

---

[3] Attorney Pyzyk wrote the circuit court, explaining that he was not notified that the case was on the dismissal calendar. The attorney requested that the circuit court reopen the case and schedule a pretrial conference. The attorney also requested that defense counsel file his responsive pleading.

[4] Wisconsin Stat. § 803.10(1)(a) describes the suggestion of death as "a statement of the facts of death." The suggestion of death in the present case states that Ruth M. Schwister died on November 4, 2000. Nothing is mentioned about surviving heirs, beneficiaries, a will, or a personal representative.

8

**June 18, 2001**: Attorney Pyzyk informs the circuit court and defendant's attorney at a status conference that the plaintiff died and that a request for substitution will be filed.[5] The circuit court sets August 1, 2001, as the date for amending the pleadings.

**July 5, 2001**: Richard Schoenecker, one of the plaintiff's three sons, petitions the probate court to appoint him personal representative of his mother's estate in accordance with her will. Richard Schoenecker is represented in the probate proceedings by Attorney Pyzyk. Copies of the petition and will are forwarded to the defendant.

**July 16, 2001**: The defendant files a motion to dismiss the action pursuant to Wis. Stat. § 803.10(1)(a), claiming that a motion for substitution was not properly filed within 90 days of his service of the suggestion of death on Attorney Pyzyk.

**July 30, 2001**: Richard Schoenecker files a motion for substitution requesting that he be substituted as plaintiff. The affidavit of Attorney Pyzyk attached to the motion for substitution states that the only assets of the estate are the current claims pending in this appeal.

**July 31, 2001**: The probate court appoints Richard Schoenecker the personal representative of the plaintiff's estate.

**August 6, 2001**: The circuit court conducts a hearing on the defendant's motion to dismiss the action and on the personal representative's motion for substitution.

**September 17, 2001**: The circuit court issues an order substituting Richard Schoenecker, the personal representative of the plaintiff's estate, for the deceased

---

[5] An informal reference to the death of the plaintiff is not a formal suggestion of death as required under Wis. Stat. § 803.10(1)(a). *Wheeler v. Gen. Tire & Rubber Co.,* 142 Wis. 2d 798, 808, 419 N.W.2d 331 (1987).

plaintiff. The circuit court holds that the defendant's service of the suggestion of death on the attorney who had represented the deceased plaintiff did not trigger the 90–day substitution period under Wis. Stat. § 803.10(1)(a).

**November 8, 2001**: The court of appeals grants the defendant leave to appeal this order.

**June 26, 2002**: The court of appeals certifies the appeal to this court.

## II

■

¶ 7.   The interpretation of Wis. Stat. § 803.10(1)(a) and its application to the undisputed facts in the case at bar present questions of law that this court determines independent of the circuit court, but benefiting from its analysis.[6]

■

¶ 8.   Wisconsin Stat. § 803.10(1)(a) is a rule adopted by the supreme court in 1975. When this court interprets court rules, it turns to the rules of statutory interpretation for guidance. The goal of interpreting a court rule is to ascertain and give effect to the intent of the supreme court in adopting the rule.[7] The first step in ascertaining the intent of the supreme court is to look to the language adopted. When the language of the court rule does not give sufficient guidance, we must

---

[6] *State v. Leitner*, 2002 WI 77, ¶ 16, 253 Wis. 2d 449, 646 N.W.2d 341.

[7] *Split Rock Hardwoods, Inc. v. Lumber Liquidators, Inc.*, 2002 WI 66, ¶ 15, 253 Wis. 2d 238, 646 N.W.2d 10; *Jadair Inc. v. United States Fire Ins. Co.*, 209 Wis. 2d 187, 194, 562 N.W.2d 401 (1997); *County of Door v. Hayes-Brook*, 153 Wis. 2d 1, 21–22, 449 N.W.2d 601 (1990)(Abrahamson, J., concurring).

look to rules of interpretation for assistance. We may look to the history, the objective, and the subject matter of the rule to divine its meaning.

¶ 9.   The language of Wis. Stat. § 803.10(1)(a) provides little guidance for ascertaining who must be served with a suggestion of death in order to trigger the 90–day period for filing a motion for substitution. The second sentence of § 803.10(1)(a) governs the filing of a motion for substitution.[8] A motion for substitution may be made by any party or by representatives or successors of the deceased party.[9]

¶ 10.   The notice of the motion for substitution is served, along with a notice of hearing, on the parties pursuant to § 801.14 (service by mail on the party or party's attorney) and on persons who are not parties pursuant to § 801.11 (personal service or by leaving document at usual place of abode).[10]

¶ 11.   Since the parties will ordinarily be named and known, service by mail on them or their attorneys

---

[8] The second sentence of Wis. Stat. § 803.10(1)(a) reads:

> The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in § 801.14 and upon persons not parties in the manner provided in § 801.11 for the service of a summons.

[9] The words "representatives" and "successors" are not defined in Wis. Stat. § 803.10(1)(a). "Representative" likely means a person who acts on behalf of another and probably refers to the legal personal representative appointed by the probate court. Similarly, "successor" likely means a person who succeeds to the rights and responsibilities of another. A successor might include, for example, heirs or beneficiaries of a will or distributees of an estate that had been distributed. *Rende v. Kay,* 415 F.2d 983, 984 (D.C. Cir. 1969).

[10] 3 Jay E. Grenig & Walter L. Harvey, *Wisconsin Practice* § 310.2 (2d ed. 1994).

11

should present little difficulty. Serving nonparties, however, raises difficulties; Wis. Stat. § 803.10(1)(a) does not explain who are nonparties to be served.

¶ 12. The next sentence in Wis. Stat. § 803.01(1)(a) governs the service of the suggestion of death, which may, but need not, precede the motion for substitution. It is this sentence in § 803.10(1)(a) that is specifically at issue in the present case.[11]

¶ 13. The service of the suggestion of death is significant because it limits the time within which a motion for substitution can be made. Wisconsin Stat. § 803.10(1)(a) provides that an action shall be dismissed against the deceased party unless a motion for substitution is made within 90 days after the fact of death is "suggested" on the court record by service in the same manner as a motion for substitution.[12]

¶ 14. Wisconsin Stat. § 803.10(1)(a) therefore appears to require that the suggestion of death, like the motion to substitute, be served on the parties and on persons who are not parties. Consequently, the language on filing a suggestion of death is not helpful. Like

---

[11] The third sentence of the rule reads:

Unless the motion for substitution is made not later than 90 days after the death is suggested on the record by service of a statement of the facts of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

[12] *Wheeler,* 142 Wis. 2d at 807 (citing *Rende,* 415 F.2d at 985); *see also* 3 Jay E. Grenig & Walter L. Harvey, *Wisconsin Practice* § 310.2 & n.6 (2d ed. 1994) (citing Charles Alan Wright et al., *Federal Practice and Procedure* § 1955 (2d ed. 1986); Advisory Committee Note to F. R. Civ. P. 25).

Although § 803.10(1)(a) does not state who may serve a suggestion of death, no one challenges the defendant's service of the suggestion of death in the present case.

the language in the first part of the court rule relating to the motion for substitution, it does not state which nonparties are to be served.

¶ 15. Without clear language in Wis. Stat. § 803.10(1)(a) identifying the nonparties who must be served with a suggestion of death, we turn our attention to the history and purpose of the court rule for guidance.

¶ 16. The Wisconsin Supreme Court adopted the current version of § 803.10(1)(a) in 1975 by copying, almost verbatim, the language of Federal Rule of Civil Procedure 25(a)(1) as amended in 1963.[13] The Wisconsin Judicial Council Committee's Notes to § 803.10 expressly state that the section is based on Federal Rule of Civil Procedure 25(a)(1) and "provides a simpler method for substitution of parties after death than is found in [Wis. Stat.] §§ 269.14 through 269.24."[14]

¶ 17. Because Wis. Stat. § 803.10(1)(a) is based on Federal Rule of Civil Procedure 25(a)(1), we look to the

---

[13] Federal Rule of Civil Procedure 25(a)(1) reads as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

[14] Wisconsin Stat. § 803.10 is based on Federal Rule of Civil Procedure 25 except for subsection (5), which is based on former § 269.22. Charles D. Clausen & David P. Low, *The New Wisconsin Rules of Civil Procedure Chapters 801–803*, 59 Marq. L. Rev. 1, 111 (1975).

history of the federal rule and the decisions of federal courts regarding the substitution process of Rule 25(a)(1) for guidance in interpreting § 803.10(1)(a).[15]

¶ 18.   The history of Federal Rule 25 demonstrates that the goal of the 1963 version of Rule 25(a)(1) that Wisconsin adopted was to provide courts with a flexible method for the substitution of a party after death, alleviating the "hardships and inequities" created by the previous rule. Before the 1963 amendment, a federal trial court was required to dismiss a case if no motion for substitution was filed within two years after the date of death regardless of notice (or lack thereof) to any successors or representatives of the deceased.[16] No extensions of this two-year period were allowed. This rule was rigorously applied with harsh results and was described as "easily the poorest rule of all Federal Rules."[17] Thus, the 1963 amendment was aimed at moving away from rigid deadlines for dismissing actions upon the death of a party.[18]

¶ 19.   Although the 1963 amendment provides that the action shall be dismissed if the 90–day period is not honored, dismissal is not mandatory and lies within the discretion of the trial court.[19] A trial court may extend the time in which to file a motion for substitution before or after the expiration of the 90–day pe-

[15] *See Wheeler,* 142 Wis. 2d at 807 (federal case law on Rule 25(a)(1) "may be persuasive").

[16] *Rende,* 415 F.2d at 985 (citing Advisory Committee Notes to F. R. Civ. P. 25(a)).

[17] *Rende,* 415 F.2d at 984 (quoting 4 James Wm. Moore, *Moore's Federal Practice* ¶ 25.01(7)(2d ed. 1950)).

[18] *Rende,* 415 F.2d at 985 (citing Advisory Committee Notes to F. R. Civ. P. 25(a)).

[19] 6 James Wm. Moore et al., *Moore's Federal Practice* § 25.13(3)(3d ed. 2002).

14

riod.[20] As one federal court stated: "In making this determination the Court is mindful of the underlying purpose of Rule 25(a)(1) which is to allow flexibility in substitution."[21] Another federal court explained that "[t]he 90 day period was not intended to act as a bar to otherwise meritorious actions."[22] Further discretion is granted to the trial court in the first sentence, which provides that a "court may order substitution of the proper parties."

¶ 20. The objective of the suggestion of death set forth in Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit and to signal them that they must act if they desire to preserve the decedent's claim.[23] Moreover, federal courts have concluded that the purpose of Rule 25(a)(1) is to establish a procedure that protects those who have an interest in the litigation and authority to act on behalf of the decedent by permitting substitution

[20] *See* 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 1955 (2d ed. 1986).

[21] *Kasting v. Am. Family Mut. Ins. Co.*, 196 F.R.D. 595, 601 (D. Kan. 2000); *see also Grandbouche v. Lovell,* 913 F.2d 835, 836 (10th Cir. 1990).

[22] *Rende,* 415 F.2d at 986.

[23] *See, e.g., Fariss v. Lynchburg Foundry,* 769 F.2d 958, 962 (4th Cir. 1985) ("[T]he rule [25(a)] seeks 'to assure the parties to the action and other concerned persons of notice of the death so that they may take appropriate action to make substitution for the deceased party.' " (citation omitted)); *Barlow v. Ground,* 39 F.3d 231, 233–34 (9th Cir. 1994) ("[T]he present Rule 25 was designed 'to inform all interested persons of the death so that they may take appropriate action.' " (quoting 3B James Wm. Moore et al., *Moore's Federal Practice* ¶ 25.06(2)(2d ed. 1991))); *Kasting,* 196 F.R.D. at 599 ("Rule 25(a)(1) is designed to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party.").

for the deceased party without unduly burdening the surviving party and without unreasonably delaying the litigation.

¶ 21.   Federal courts have consistently held that when the suggestion of death is served after a personal representative has been appointed for a deceased plaintiff's estate, service must be on that representative to trigger the 90–day time period.[24] Service on the personal representative of the deceased plaintiff's estate adequately protects those who succeed to the interests of the decedent without unduly burdening the surviving defendant.[25]

¶ 22.   When no personal representative has been appointed, as in the present case, some courts have concluded that a defendant's service of a suggestion of death upon counsel of record for the deceased plaintiff will trigger the 90–day time period.[26] In these cases, the courts similarly balanced the serving party's duty of notice to appropriate nonparties against the burden on the serving party of locating and serving appropriate

[24] When the surviving party knows the identity of the executor of the deceased plaintiff's estate, the executor must be served to trigger the 90–day time period. *Barlow,* 39 F.3d at 233–34. *See also Fariss,* 769 F.2d at 961 ("Where, as here, a personal representative has been appointed following the death of a party, the suggestion of death must be personally served on that representative. Because Mrs. Fariss never received such service, the substitution was timely."); *Grandbouche,* 913 F.2d 835 (no formal suggestion of death was filed but the court also commented that because the personal representative of decedent's estate did not receive service of any purported suggestion of death, the 90–day limitations period did not begin to run).

[25] *See, e.g., Fariss,* 769 F.2d 958.

[26] *See, e.g., Yonofsky v. Wernick,* 362 F. Supp. 1005 (S.D.N.Y. 1973); *Chobot v. Powers,* 169 F.R.D. 263 (W.D.N.Y. 1996).

nonparties and concluded that locating those with an interest in the deceased plaintiff's estate imposed an undue burden on the surviving party.[27] Therefore, service on the deceased party's former attorney was sufficient in these cases.

¶ 23. In *Yonofsky v. Wernick*, 362 F. Supp. 1005 (S.D.N.Y. 1973), for example, the plaintiff passed away while his claim alleging wrongful exclusion from a joint venture or partnership was pending. The defendant, a former business acquaintance of the plaintiff, served a suggestion of death on the deceased plaintiff's attorney just two days after his death. The *Yonofsky* court noted that normally the "executor or administrator of a deceased party's estate is the individual substituted and upon whom service is effected."[28] However, under the circumstances of the *Yonofsky* case, in which little relationship or familiarity existed between the plaintiff decedent and the surviving defendant, the court concluded, "it would be difficult for defendant to know whom else to serve beside plaintiff's former counsel" and therefore service on the plaintiff's attorney activated the 90–day period.[29]

---

[27] Some courts, by contrast, impose a burden on the serving party to wait until a personal representative has been appointed and, if none is appointed, to take steps to have one appointed for purposes of the litigation. *See, e.g., Kaldawy v. Gold Service Movers, Inc.,* 129 F.R.D. 475, 477 (S.D.N.Y. 1990).

[28] *Yonofsky,* 362 F. Supp. at 1011.

[29] *Yonofsky,* 362 F. Supp. at 1012; *see also Chobot,* 169 F.R.D. at 267 (holding that the defendant correctional facility had triggered the 90–day period for substitution by serving the deceased pro se prisoner plaintiff's last known address because the "practical burden" of following the typical requirements for service of a suggestion of death and petitioning the probate

¶ 24. In contrast to these cases, in *Fariss v. Lynchburg Foundry,* 769 F.2d 958 (4th Cir. 1985), the court explained that when a personal representative has not yet been appointed, the serving party should normally bear the burden of determining whom to serve given the goal of Rule 25(a)(1) to alert interested nonparties to the consequences of the death of a party in a pending suit before it is too late. In *Fariss,* a personal representative had been appointed, but the court commented on the obligation of the defendant in serving the suggestion of death as follows:

> In some instances, it may prove more difficult to determine whom to serve, but it is generally appropriate to require the serving party to shoulder that burden, rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action. Absent personal service, there is no reason to presume that the successor or representative, who must decide whether to pursue the claim, is aware of the substitution requirement.[30]

¶ 25. Moreover, in *Kasting v. American Family Mutual Insurance Co.,* 196 F.R.D. 595, 601 (D. Kan. 2000), the court concluded that a defendant's service of a suggestion of death on the widow of the deceased

court to have a personal representative appointed "would be significant" and "unduly burdensome").

Compare *Jones v. Montgomery Ward & Co., Inc.,* 725 P.2d 836 (N.M. Ct. App. 1985), in which no personal representative had been appointed and the court held that the deceased plaintiff's attorney was not the proper party to receive service of the suggestion of the plaintiff's death to trigger the 90–day period for substitution of plaintiff.

[30] *Fariss,* 769 F.2d at 962 (citations omitted).

plaintiff prior to her appointment as personal representative was sufficient under Rule 25(a)(1).

¶ 26.   Immediately after the death of the plaintiff in *Kasting,* American Family, the defendant, served the suggestion of death on the attorney for the deceased plaintiff. Three months later, when no personal representative had been appointed, American Family served the deceased plaintiff's widow.

¶ 27.   The *Kasting* court concluded that requiring an opposing party to await the formal determination of who the decedent's successors or representatives are before filing a suggestion of death would delay serving the suggestion of death, and likely all other legal proceedings in the case, for an inordinate period of time.[31] The *Kasting* court also concluded that the widow of the deceased plaintiff was a nonparty within the meaning of Rule 25(a)(1) for service of a suggestion of death and further opined that the 90–day period was triggered by the service of the suggestion of death on the widow.[32]

¶ 28.   None of the cases cited by the parties, or cited above, provides clear guidance on the application of the nonparty service requirements for the suggestion of death under Wis. Stat. § 803.10(1)(a) to the facts of this case. Yet the message delivered by these cases and the history, objectives, and subject matter of Federal Rule 25(a)(1) is that courts have wide discretion to look to the facts of each case to decide which nonparties need to be served with the suggestion of death in order to trigger the 90–day period. And when making this determination regarding a deceased plaintiff, a court

---

[31] *Kasting,* 196 F.R.D. at 598.

[32] *Id.* at 601.

considers such factors as: (1) whether the suggestion of death has been served on nonparties who may have a right or interest in deciding whether a motion for substitution should be filed; (2) how substantial the burden is on the person serving the suggestion of death to identify nonparties who have the right or interest to move for substitution and to serve them with the suggestion of death; and (3) whether the service of the suggestion of death protects the circuit court's control over the docket and the court's and parties' need for the fair and expeditious resolution of the case.

## III

¶ 29.   Guided by these three factors, we conclude that in the present case the suggestion of death served only on the deceased plaintiff's attorney, when no personal representative had been appointed, was not sufficient to trigger the 90–day period under Wis. Stat. § 803.10(1)(a).

¶ 30.   First, serving the suggestion of death on Attorney Pyzyk alone did not necessarily alert persons who may have a right or interest in deciding whether a motion for substitution should be filed of the need to protect their interests or the interests of the decedent.

¶ 31.   The defendant argues that as a matter of policy, Wis. Stat. § 803.10(1)(a) should be interpreted to allow service on the deceased plaintiff's attorney because the attorney is in the best position to inform interested persons that they must substitute for the decedent or risk losing any interest they may have in the litigation. The defendant contends that the language of Wis. Stat. § 803.10(1)(a) does not require that he serve the suggestion of death on the decedent's

personal representative, and nothing in § 803.10(1)(a) prohibits service on the attorney for the deceased plaintiff when no personal representative has been named.

¶ 32.  We agree with the defendant that the suggestion of death should be served on the deceased plaintiff's attorney, even though the attorney is not a party to the action[33] and is not necessarily the attorney for the representatives or successors of the deceased plaintiff. The attorney for a deceased plaintiff has a professional obligation to "take steps to the extent reasonably necessary to protect a client's interests,"[34] and, as an officer of the court, to advise the court of a change in his or her authority to act on behalf of the client. Thus, serving the attorney enlists the assistance of that attorney to protect the deceased's rights and interests to the extent that it is reasonably practicable

---

[33] An attorney for a deceased plaintiff is not a party to the action. *Kasting,* 196 F.R.D. at 598.

No one complains in the present case that service on the attorney for the deceased plaintiff, a nonparty, was improper because the service was by mail rather than by personal service. In *Barlow,* the court held that service by mail upon the deceased plaintiff's attorney did not trigger the 90–day time period. *Barlow,* 39 F.3d at 234.

[34] See SCR 20:16(d), providing that "upon termination of representation, a lawyer shall take steps to the extent reasonably necessary to protect a client's interests . . . ."

A lawyer must take steps to the extent reasonably practicable to protect the client's interests, such as allowing time for employment of other counsel and giving notice that the lawyer lacks authorization to act. 1 Restatement (Third), Law Governing Lawyers § 33 cmt. e, g (2000).

for the attorney to do so.[35] Moreover, the burden on the serving party to serve the deceased plaintiff's attorney is minimal.

¶ 33.   We disagree with the defendant, however, that serving Attorney Pyzyk alone was sufficient in the present case to trigger the 90–day period. An attorney's agency to act on behalf of a client ends with the death of the client.[36] Attorney Pyzyk was not a person with a right to decide or an interest in deciding whether a motion for substitution should be filed; the rights and interests of a deceased client do not pass to the attorney. Rather, the deceased plaintiff's rights and interests pass to other persons, such as the personal representative of her estate or to the heirs or beneficiaries of her estate.[37] Here, while Attorney Pyzyk later represented Richard Schoenecker as personal representative of the deceased plaintiff's estate, nothing in the record shows that this relationship existed at the time of service of the sugges-

---

[35] A lawyer for a deceased client must cooperate in any transition and seek to protect the deceased client's property and other rights. 1 Restatement (Third), Law Governing Lawyers § 31 cmt. e (2000).

[36] Restatement (Second) of Agency § 120(1)(b) (1958) ("[A]fter notice of the principal's death, the agent has no power to bind the estate of the principal.").

For a discussion of an attorney's responsibility after the death of a client, see J. Kenin Webb, *Until Death Do We Part?: An Attorney's Responsibility After the Death of the Client*, 25 J. Legal Prof. 239 (2001).

[37] 1 Restatement (Third), Law Governing Lawyers § 31 cmt. e (2000).

tion of death or that Attorney Pyzyk and Richard Schoenecker had any relationship prior to the service of the suggestion of death.[38]

¶ 34.  Second, the burden on the defendant, the serving party, to identify and serve appropriate persons with the suggestion of death was minimal in this case. The defendant argues that even if, in this case, he was in a better position than Attorney Pyzyk to identify and serve heirs, beneficiaries, successors, and representatives of the deceased plaintiff, that will not always be true in other cases. The defendant rightly notes that the number of possible "successors or representatives" of a deceased party could be large under Wisconsin law.

¶ 35.  We agree with the defendant that in other cases it might be unreasonable to read Wis. Stat. § 803.10(1)(a) as requiring service on "potential" successors or representatives. But we are not dealing with "other cases" or "every case." We are applying Wis. Stat. § 803.10(1)(a) to the facts of the present case.

¶ 36.  On the facts of this case, it is not an unreasonable burden on the defendant to require that he serve the suggestion of death on his brothers, two individuals with readily identifiable interests in the deceased plaintiff's estate. Although the defendant did not have a copy of his mother's will when he served the suggestion of death and therefore did not know his brother Richard was named as personal representa-

---

[38] "Non-party successors or representatives of the deceased party, however, may not be protected by the attorney of the deceased party. It is entirely possible that no relationship will exist between them, and that the successor or representative will be represented by other counsel or by no counsel at all." *Barlow*, 39 F.3d at 233.

23

tive,[39] the defendant conceded to the circuit court that he knew that his two brothers were very likely beneficiaries under his mother's will.[40] Indeed, there is nothing difficult or burdensome about serving them, in addition to Attorney Pyzyk, in the case at hand.

¶ 37. Third, to declare that service of the suggestion of death triggered the 90–day period in the present case would not further the goal of fair and expeditious resolution of the case.

¶ 38. The defendant argues that to hold that service on the attorney alone in the present case is insufficient to trigger the 90–day period would inordinately delay litigation and require the surviving party to continue to incur expenses associated with defending the action. The defendant objects to forcing a surviving party to wait to file a suggestion of death until a personal representative is appointed or to petition the probate court to appoint a personal representative.

¶ 39. We are not requiring the defendant to wait until a personal representative is appointed or to petition the probate court to appoint a personal representative. The defendant here need serve only his brothers, and this requirement causes no inordinate delay. In any event, here, the litigation proceeded without interruption and without objection by the defendant.

---

[39] The defendant did not receive a copy of the will until five months after the suggestion of death was served.

[40] In the defendant's Reply Brief supporting his motion to dismiss and opposing the personal representative's motion for substitution at the circuit court, he states, "[O]n the facts of this case, because it involves a dispute among family members, defendant Daniel Schoenecker *obviously was aware* that his two brothers might be beneficiaries under Ruth Schwister's Last Will and Testament" (emphasis added).

24

¶ 40. From the time the plaintiff died until the time the personal representative of her estate was named, the case actively continued with the defendant's full participation. On January 25, 2001, nearly three months after the plaintiff's death, the defendant, through his attorney, advised the court that he would answer the complaint on or before February 7, 2001. The answer was filed on February 8, 2001, at the same time that the suggestion of death was filed with the court and served on Attorney Pyzyk.

¶ 41. On June 18, 2001, a status conference was held. The defendant's counsel appeared and agreed to the terms of a scheduling order requiring, among other things, that he submit pleadings before August 1, 2001, and witness lists by November 7, 2001. At that same status conference, both the court and the defendant's counsel were informed that a motion for substitution of the plaintiff would be filed. Not until July 17, 2001, after the petition to the probate court was filed to appoint Richard Schoenecker the personal representative for the estate of the deceased plaintiff, did the defendant finally file his motion to dismiss the action for failure to substitute within 90 days of the suggestion of death. The motion to substitute followed on July 30, 2001, just two weeks after the motion to dismiss and only six months after the defendant filed his answer.

¶ 42. The federal rule adopted by Wisconsin in Wis. Stat. § 803.10(1)(a) was a response to a two-year statute of limitations that ran from the date of death and was thought harsh and oppressive. In this case, less than a year passed between the plaintiff's death and the appointment of a personal representative and the motion for substitution. To hold that service was proper under the circumstances of the present case to trigger the 90–day period and that the case should be dismissed

against the deceased plaintiff because waiting for the appointment of a personal representative inordinately delays litigation is to ignore the history and purpose behind Wis. Stat. § 803.10(1)(a).

¶ 43.   Wisconsin Stat. § 803.10(1)(a) merely states that service be on parties and persons not parties of record without identifying these nonparties. The court rule does not state who is required to be served. It allows a trial court to determine whether the appropriate nonparties were served according to the totality of the circumstances. Reading § 803.10(1)(a) to permit service on Attorney Pyzyk alone, under the circumstances of the present case, would fail to satisfy the objectives of the rule: to start the 90–day time period within which to make a motion for substitution only after notice is given to interested nonparties without unduly burdening the serving party while allowing a court to move the litigation toward fair and expeditious resolution.

¶ 44.   Wisconsin Stat. § 803.10(1)(a) does not require service of the suggestion of death on all potential beneficiaries, heirs, successors, or representatives in every case. We merely hold that the court rule requires the person serving the suggestion of death and the court to examine the facts of the case in order to determine what interested nonparties should be served in each particular case and how burdensome the task will be in order to protect the interests of all persons and move the litigation toward a fair and expeditious resolution. If Wis. Stat. § 803.10(1)(a) were designed to trigger the 90–day period upon service of the suggestion of death on the personal representative, if appointed, or

26

on the attorney of record of the deceased party, when no personal representative was appointed, it would have so stated.

## IV

¶ 45. For the foregoing reasons, we hold, on the facts of this case, that service of the suggestion of death only on the deceased plaintiff's attorney of record was insufficient to activate the 90–day time period in which a motion for substitution is to be filed under Wis. Stat. § 803.10(1)(a). To trigger the 90–day time period in the present case the defendant was obliged to serve his brothers as nonparties. Serving his brothers was necessary to reasonably protect their interests and the interests of the decedent when no personal representative had yet been appointed. Moreover, requiring the defendant, the surviving party in the present case, to locate and serve his brothers, who were readily known to the defendant to be potential successors or representatives of the decedent, would not unduly burden the defendant as surviving party or unreasonably delay the litigation. We therefore affirm the order of the circuit court holding that the motion for substitution was timely.

*By the Court.*—The order of the circuit court is affirmed.