NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN KEITH BARNETT,

Plaintiff - Appellant,

v.

MICHAEL EVANS, Warden; et al.,

Defendants - Appellees.

No. 09-15634

D.C. No. C 06-0193 CW (PR)

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Brian Keith Barnett, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

09-15634

process violations and denial of access to courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6), *Nelson v. Heiss,* 271 F.3d 891, 893 (9th Cir. 2001), and under Rule 25(a), *Barlow v. Ground,* 39 F.3d 231, 233 (9th Cir. 1994). We affirm.

The district court properly dismissed Barnett's claims against Officer Younce after defendants filed and served notice of his death and no party filed a motion to substitute Younce's successor. *See* Fed. R. Civ. P. 25(a)(1). Contrary to Barnett's contention, the district court was not required sua sponte to substitute a successor since Younce was sued in his individual, not his official, capacity. *Cf.* Fed. R. Civ. P. 25(d)(1) (automatic substitution for public officials sued in their official capacity if they die, resign, or cease to hold office while action is pending).

The district court also properly dismissed Barnett's due process claim for alleged deprivation of personal property because random and unauthorized deprivations are not cognizable under section 1983. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (section 1983 provides a remedy only for deprivations under an established state procedure because the state cannot predict or protect against random deprivations and available post-deprivation remedies satisfy due process).

Finally, the district court properly dismissed Barnett's claim for denial of access to courts related to the deprivation of legal materials because Barnett failed

to allege facts showing the requisite injury as a result of defendants' actions. *See*

*Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (requiring actual injury like prejudice

to contemplated or existing litigation for claim of denial of access to courts).

Barnett's remaining contentions are unpersuasive.

**AFFIRMED.**