**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NV-19-1008-LBKu |
| RICK DAVID BELCASTRO, | Bk. No. 2:17-bk-11115-abl |
| Debtor. | Adv. No. 2:17-ap-01197-abl |
| GREGORY KELLY, | **MEMORANDUM**[*] |
| Appellant. | |

Argued and Submitted on September 26, 2019
at Pasadena, California

Filed – October 15, 2019

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable August B. Landis, Bankruptcy Judge, Presiding

———————

Appearances:    Appellant Gregory Kelly argued pro se.

———————

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Before: LAFFERTY, BRAND, and KURTZ, Bankruptcy Judges.

## INTRODUCTION

Gregory Kelly appeals the bankruptcy court's dismissal of his adversary proceeding against Debtor under §§ 523 and 727.[1] Debtor died during the pendency of that proceeding, and Mr. Kelly was formally served with a notice of death. Mr. Kelly admits he was aware of Civil Rule 25, which requires a motion to substitute a successor to be filed within 90 days of the notice of death. He did not timely file such a motion or request an extension of the time to do so. The bankruptcy court thus dismissed the adversary proceeding with prejudice and denied Mr. Kelly's subsequent motion for reconsideration.

Finding no error in the bankruptcy court's interpretation of Civil Rule 25 or abuse of discretion in its denial of reconsideration, we AFFIRM.

## FACTUAL BACKGROUND [2]

Debtor Rick David Belcastro filed a chapter 7 petition in March 2017.

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2]Mr. Kelly did not provide a complete record on appeal. We have thus exercised our discretion to review the bankruptcy court's electronic docket and pleadings. *See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.),* 887 F.2d 955, 957–58 (9th Cir. 1989); *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood),* 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Mr. Kelly, as assignee of a $36,083 unsecured debt owed by Debtor, filed a timely complaint objecting to dischargeability of that debt under § 523(a)(2)(A) and seeking denial of Debtor's discharge under §§ 727(a)(2)(A), (a)(3), and (a)(4)(A). Debtor filed an answer, and the matter was set for trial.

In January 2018, during the pendency of the adversary proceeding, Debtor passed away. On March 30, 2018, Debtor's counsel, Scott Cantor, filed a Suggestion of Death informing the court that Mr. Belcastro was deceased. It is undisputed that the parties to the adversary proceeding, including Mr. Kelly, were served electronically with the Suggestion of Death. Thereafter, Mr. Cantor moved to withdraw as counsel for the Debtor; the bankruptcy court entered an order granting the motion on August 30, 2018.

In the meantime, Mr. Kelly filed a motion for partial summary judgment seeking entry of judgment on the § 727(a)(4) claim for false oath. No opposition was filed, and at the initial hearing on the motion on September 4, 2018, the bankruptcy court deemed the matter submitted and indicated it would announce its oral ruling on September 24, 2018, the date set for trial. The court also commented: "The Court notes that . . . the only substantive issue that's raised by this adversary proceeding and the motion for summary judgment is whether or not a decedent ought to get a chapter 7 discharge in his bankruptcy case. I'll deal with that on the date and time

3

that I've referenced on the record." Hr'g Tr. (Sept. 4, 2018) at 4:7-11.

At the September 24 hearing, the bankruptcy court found that Mr. Kelly's summary judgment evidence established by a preponderance of the evidence the elements of the § 727(a)(4)(A) claim and that no genuine issue of material fact remained for trial.[3] The court, however, declined to enter an order granting summary judgment on that claim. The court instead dismissed the entire complaint with prejudice because Mr. Kelly had failed to move for substitution of a proper party within 90 days after being served with the Suggestion of Death as required by Civil Rule 25(a), applicable in bankruptcy via Rule 7025.[4] The court entered an order dismissing the adversary proceeding on September 25, 2018.

Thereafter, Mr. Kelly filed three motions. First, he filed a timely motion for reconsideration. In the motion, Mr. Kelly stated that he had been aware of Civil Rule 25 since March 30, 2018 (the date the Suggestion of Death was filed). He indicated that he chose not to file a motion for substitution because: (1) the Suggestion of Death had not been served on nonparties as required by Civil Rule 25, so he believed the 90-day time period had not been triggered; and (2) he had been unable to identify a

---

[3]A § 727 claim is not extinguished upon the death of a chapter 7 debtor. *KOB v. Brand (In re Brand)*, 545 B.R. 37, 39 (Bankr. C.D. Cal. 2016) (citing *Hawkins v. Eads (In re Eads)*, 135 B.R. 380, 385-86 (Bankr. E.D. Cal. 1991)).

[4]As the Suggestion of Death had been filed and served on March 30, 2018, the court found that the 90-day deadline expired June 28, 2018.

"legitimate substitute party" to represent Debtor's probate estate in the adversary proceeding. He noted that neither the original nor the successor personal representative, nor the attorney for the Debtor's probate estate, had been served with the Suggestion of Death,[5] and, in any event, none of those individuals wanted to be involved in the adversary proceeding, so he believed they would have opposed any motion to substitute. He attached a copy of an email he had sent to the attorney for the probate estate on March 31, 2018, and her response dated April 2, 2018, in which she indicated that the probate estate would not be involved in the bankruptcy unless so directed by the chapter 7 trustee. He asserted that his failure to file a motion to substitute was due to excusable neglect such that the bankruptcy court should extend the 90-day deadline.

Mr. Kelly also complained that he had been unfairly blindsided by the court's ruling because the bankruptcy court never mentioned Civil Rule 25 at the September 4 hearing or a September 12 pre-trial conference,[6] so he never had an opportunity to present his arguments regarding his noncompliance with the rule.

Mr. Kelly also filed a timely motion for a new trial or an amendment

---

[5]Copies of Nevada state court documents attached to the motion for reconsideration indicated that the first personal representative was appointed on March 23, 2018, and the successor personal representative on July 25, 2018.

[6]For reasons that are not clear, there is no record of such a pre-trial conference on the court's docket.

5

to the judgment under Civil Rule 59 and a motion to extend the time to file a motion to substitute the proper party.

The court denied all three motions on the record at a hearing on December 18, 2018, entering a written order on December 27, 2018. Mr. Kelly timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I) and (J). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err in dismissing the adversary proceeding for Mr. Kelly's failure timely to substitute a party in accordance with Civil Rule 25 after the death of Debtor-Defendant?

Did the bankruptcy court abuse its discretion in denying reconsideration?

## STANDARDS OF REVIEW

"The proper interpretation of Rule 25(a) is a question of law that we review de novo. Factual findings relevant to the application of Rule 25(a) are reviewed for clear error." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (citations omitted).

"De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted).

Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010). If two views of the evidence are possible, the court's choice between them cannot be clearly erroneous. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-75 (1985).

We review for abuse of discretion a bankruptcy court's denial of a motion for reconsideration. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010); *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 866 (9th Cir. BAP 2004). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

**A.    The bankruptcy court did not err in dismissing the adversary proceeding due to Mr. Kelly's failure timely to substitute a party in accordance with Civil Rule 25.**

Civil Rule 25, entitled "Substitution of Parties," sets forth the procedures to be followed in the event of the death of a party. Specifically, subsection (a) of that rule provides, in relevant part:

**(a) Death.**

**(1) Substitution if the Claim Is Not Extinguished.** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

. . . .

**(3) Service.** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

As can be seen, the rule itself is silent as to which party has the burden to file the statement noting death or the motion to substitute. The advisory committee notes to this rule explain:

> A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. If a party or the representative of the deceased party desires to limit the time within which another may make the motion, he may do so by suggesting the death upon the record.

Fed. R. Civ. P. 25 advisory committee's note.

The Ninth Circuit Court of Appeals has held that the 90-day deadline for filing a motion to substitute is not triggered until two affirmative steps

have occurred. *Barlow*, 39 F.3d at 233. "First, a party must formally suggest the death of the party on the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id.* (citing Fed. R. Civ. P. 25(a)(1); additional citations omitted).[7]

In *Barlow*, the plaintiff died during the pendency of his civil rights action against the City of San Diego. The City thereafter suggested the plaintiff's death on the record and served his counsel by first class mail. After the 90-day period for filing motion to substitute had expired, the City moved to have the case dismissed for plaintiff's counsel's failure timely to substitute the proper party, and the district court granted the motion. The issue on appeal was whether service by mail of the suggestion of death on the attorney for the decedent's estate triggered the 90-day deadline. The Circuit held that it did not, because service on the attorney did not comply with Civil Rule 4. It held that the deadline would "not be triggered against [the decedent's] estate until the appropriate representative of the estate is served a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4." *Barlow*, 39 F.3d at 233–34.

---

[7]We note that Civil Rule 25(a) contains no requirement that a motion to substitute must be filed by the suggesting party and in fact provides that such a motion may be filed by "any party."

Mr. Kelly relies on *Barlow* for his conclusion that the 90-day deadline to file a motion to substitute was not triggered because the personal representative was not served with the Suggestion of Death. But *Barlow* is distinguishable. In that case, it was undisputed that the City (the suggesting party) knew the identity of the executor of the decedent's estate. *Id.* at 234. Accordingly, *Barlow* provides no guidance as to how to proceed when the representative of the decedent is unknown, nor did the case address who has the burden to ascertain and disclose the identity of the personal representative. *See id.* at 234 (noting that the court of appeals did not need to address the question of how to proceed when the appropriate representative could not be ascertained when the suggestion of death was filed).

In a more recent case that involved an unascertained personal representative, the bankruptcy court for the Central District of California held that, in such a circumstance, the plaintiff had the burden to discover the identity of that individual and file the motion to substitute; its failure to do so in a timely manner warranted dismissal of the adversary proceeding as to the deceased debtor. *In re Brand*, 545 B.R. at 46.

In *Brand*, married joint debtors were defendants in a § 727 action. During the pendency of the action, the debtor husband died. When that fact was brought to the court's attention, it issued an order continuing trial, giving notice of the husband's passing, and inviting parties to file

10

appropriate motions. The court served the order on the parties to the § 727 action but not on any nonparty representatives of the husband's estate because there were no ascertained nonparties to the litigation. *Id.* at 42-43. When two months passed with no motions filed, the court issued a second order informing the parties that their trial briefs needed to address the effect of the death of the husband on the pending action and the effect of any party's failure to file any dispositive motion regarding his death. *Id.* at 38. But no motions were filed before the expiration of the 90-day deadline under Civil Rule 25, which the court found had been triggered by its order notifying the parties of the husband's death. *Id.* at 41. Accordingly, the bankruptcy court dismissed the § 727 action with prejudice as to the husband. *Id.* at 39.

The bankruptcy court in *Brand* acknowledged that the Ninth Circuit in *Barlow* had held that service on nonparty successors or representatives was required to trigger the 90-day deadline. But it pointed out that the panel in that appeal had expressly declined to address the situation where the appropriate nonparties could not be ascertained at the time the suggestion of death was filed. *Id.* The court noted the absence of any binding authority on the issue and went on to analyze cases from courts in other circuits, which had come to different conclusions as to who has the burden to ascertain the identity of the nonparty representative of a decedent's estate, specifically, *Unicorn Tales v. Banerjee*, 138 F.3d 467 (2d Cir.

11

1998); *McSurely v. McLellan*, 753 F.2d 88 (D.C. Cir. 1985); and *Rende v. Kay*, 415 F.2d 983 (D.C. Cir. 1969).

In *Rende*, the D.C. Circuit held that in circumstances where the appropriate nonparties are unascertained, the plaintiff should not have the burden to locate the representative of the estate, and therefore the 90-day deadline is not triggered unless the suggestion of death identifies the representative or successor of the estate who could be substituted as a party for the deceased. 415 F.2d at 986. *See also McSurely*, 753 F.2d at 98-99 (same). The *Rende* court's decision was driven in part by a concern that holding otherwise would "open the door to a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within 90 days." *In re Rende*, 415 F.2d at 986. In contrast, the Second Circuit in *Unicorn Tales* noted that the text of Civil Rule 25 does not require the identity of the representative to be included on the notice of death, nor the decedent's estate to be probated before notice of death can be given, nor a representative to be selected before notice can be given. 138 F.3d at 470. As such, notice to the nonparty representative is not required to trigger the 90-day deadline. *Id.* The Second Circuit noted that in the situation where there was an "inability or significant difficulty" in identifying the decedent's legal representative or successor, a motion could be brought under Civil Rule 6(b) to enlarge the time in which to file a motion for substitution. *Id.*

Ultimately, the bankruptcy court in *Brand* concluded that *Unicorn*

12

*Tales* was more persuasive based on (1) the plain language of the statute; and (2) the general principle that it is the plaintiff's burden to prosecute its case. Thus, the court held, the plaintiff had the burden to ascertain the identity of the representative and to file a motion to substitute. It noted that other courts had identified possible solutions to the dilemma presented when a decedent's successor is unascertained, such as filing a motion to substitute along with discovery requests to ascertain the appropriate person. The court declined to opine on the propriety of a specific solution, however, because in the case before it, the plaintiff had participated in several hearings and had been served with two orders asking the parties to file appropriate motions but had not taken any action. *In re Brand*, 545 B.R. at 46.

Although the facts of *Brand* differ slightly from the facts presented here, we find the reasoning of *In re Brand* and the case it relies on to be persuasive and applicable.

By his own admission, Mr. Kelly knew the identities of the personal representatives and counsel for the probate estate by March 31, 2018 at the latest. He did not disclose that information to the bankruptcy court. And although the probate estate's counsel indicated that the personal representative did not want to participate in the bankruptcy case, Mr. Kelly never availed himself of the opportunity to inform the court of the situation or to ask the bankruptcy court to extend the 90-day deadline or to clarify

13

whether such an extension was necessary in the circumstances.

Mr. Kelly asserts that *In re Brand* is distinguishable because Mr. Cantor knew the identity of the personal representative for Debtor's estate when he filed the Suggestion of Death but failed to serve her. In the same vein, Mr. Kelly argues that the bankruptcy court erred in finding that when the Suggestion of Death was filed, no non-party had been ascertained.[8] But Mr. Kelly points to no evidence in the record that Mr. Cantor knew the identity of the personal representative.[9] Nor is there anything in the record showing that the bankruptcy court had been informed of the identity of that individual. In short, on the record before it, the bankruptcy court did not err in concluding that the 90-day deadline for filing a motion to substitute had expired, thus mandating dismissal of the adversary proceeding.

Mr. Kelly also complains that, because the court first raised Civil Rule 25 on the date set for trial, he was not afforded an opportunity to testify as to his reasons for not filing a motion to substitute. Mr. Kelly's argument has some facial appeal, given that he had no notice that the bankruptcy

---

[8]According to the bankruptcy court, "[w]hen the suggestion of death was filed in this case, no non-party, required to be served under Civil Rule 4, had been ascertained, and the only parties to this adversary proceeding were Kelly and Belcastro. The suggestion of death at ECF 73 does not identify a successor to decedent Belcastro." Hr'g Tr. (Sept. 24, 2018) at 8:20-24; ER Ex. J.

[9]At oral argument of this appeal, Mr. Kelly conceded he had not presented any such evidence to the bankruptcy court.

court intended to dismiss the adversary proceeding. Ideally, the court would have given Mr. Kelly some advance warning that it was considering dismissal, perhaps on the record at the September 4 status conference or by issuing an order to show cause. But Mr. Kelly's timely motion for reconsideration afforded him the opportunity to present his explanation and arguments. Accordingly, to the extent the bankruptcy court erred in failing to give advance notice, such error was harmless.[10]

**B.    The bankruptcy court did not abuse its discretion in denying reconsideration.**

Although Mr. Kelly's motion for reconsideration did not specify the authority he relied on, we construe the motion (as did the bankruptcy court) as a motion to alter or amend judgment under Civil Rule 59(e), applicable in bankruptcy proceedings by Rule 9023. Reconsideration under Civil Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "[A] motion for reconsideration should not be granted, absent highly

---

[10]It does not appear that Mr. Kelly requested an opportunity to explain his failure to file a motion to substitute. He was present at the September 4 and September 24 hearings and, although he included in his excerpts partial transcripts of both hearings, those transcripts contain only the court's comments (September 4) and ruling (September 24). When an appellant fails to include the entire record, we are entitled to presume that he does not regard the missing items as helpful to his appeal. *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 680-81 (9th Cir. BAP 1994), *aff'd*, 92 F.3d 1192 (9th Cir. 1996) (table).

unusual circumstances, unless the [trial] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A party may not use a motion for reconsideration as a vehicle to present a new legal theory for the first time, to raise legal arguments which could have been raised in connection with the original motion, or to rehash the same arguments presented the first time or simply express the opinion that the court was wrong. *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 103 (9th Cir. BAP 2006), *aff'd and remanded*, 277 Fed. App'x 718 (9th Cir. 2008).

The bankruptcy court denied the motion for reconsideration because it found that Mr. Kelly had not established any grounds for relief under Civil Rule 59. First, it found that none of the evidence submitted with Mr. Kelly's motion qualified as "newly discovered." Second, it found that there was no intervening change in controlling law, and finally, that Mr. Kelly had not satisfied his burden of proving the court committed clear error in entering its order and judgment dismissing the adversary proceeding.

On appeal, Mr. Kelly has not articulated any coherent argument as to how the bankruptcy court abused its discretion in denying reconsideration. He argues that, in the motion, he provided evidence of the identity of the

personal representative and demonstrated that she had not been served with the Suggestion of Death, but he does not explain why this matters under the relevant authorities in the absence of any evidence that Mr. Cantor knew the identify of the personal representative when he filed the Suggestion of Death. Mr. Kelly has not convinced us that the bankruptcy court's interpretation or application of Civil Rule 25 under the facts before it was so clearly erroneous under the relevant standard as to constitute reversible error, or that the court clearly erred in its factual findings.

Mr. Kelly also argues that his failure to file a motion to substitute was due to excusable neglect. Although he made this argument in his motion for reconsideration and motion to substitute, the bankruptcy court apparently made no finding as to excusable neglect.[11] But even if a bankruptcy court does not make formal findings, we may still review its ruling "if a complete understanding of the issues may be obtained from the record as a whole or if there can be no genuine dispute about omitted findings." *Veal v. Am. Home Mortg. Serv., Inc. (In re Veal)*, 450 B.R. 897, 919-20 (9th Cir. BAP 2011) (citations omitted).

---

[11]Again, we have only a partial transcript of the December 18, 2018 hearing at which the court delivered its oral ruling on the motion for reconsideration. The transcript appears to be missing what occurred at the beginning and end of the hearing, and there is an omission from page 5 of the partial transcript showing that two minutes of the hearing, from 3:34 p.m. to 3:36 p.m., were not requested to be transcribed.

Relief from judgment on grounds of excusable neglect is authorized under Civil Rule 60(b)(1), applicable via Rule 9024.[12] Excusable neglect is also a ground for granting an untimely motion to extend a deadline under Rule 9006(b)(1).[13] The trial court is to determine excusable neglect under the equitable analysis set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993),  which takes into account all the surrounding circumstances. These include: (1) the danger of prejudice to the parties, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the party seeking

---

[12]Civil Rule 60(b) provides, in relevant part:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect[.]

[13]That rule provides:

Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Rule 9006(b)(1).

to be excused from neglect acted in good faith. *Id.* at 395; *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (equitable test set forth in *Pioneer* applies to motions for relief under Civil Rule 60(b)). The court is to determine the issue of excusable neglect within the context of the particular case before it. *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004).

Mr. Kelly did not fully develop his excusable neglect argument, either in the bankruptcy court or on appeal. His sole argument as to excusable neglect addresses only the third factor, the reason for the delay, which is his assumption that the 90-day deadline of Civil Rule 25 was never triggered and, in any event, there was no one who would have agreed to substitute into the adversary proceeding as defendant. Mr. Kelly's argument assumes Mr. Cantor knew the identity of the personal representative, but, as noted, he presented no evidence to support this assumption. The record shows that Mr. Kelly knew about the rule but simply assumed he was not required to take any action to preserve his rights in the period following the filing of the Suggestion of Death, and he has provided no other explanation for why he did not bring any of the salient facts to the court's attention before the deadline expired. It is difficult to see how Mr. Kelly's intentional failure to take any action amounts to "neglect" at all, let alone excusable neglect. *See Jacobson v. Official Comm. of Unsecured Creditors (In re Mahoney Hawkes)*, 272 B.R. 19, 20 (1st Cir. BAP 2002) (creditor's deliberate decision not to file timely a proof

19

of claim was not excusable neglect). Mr. Kelly simply has not met his burden to demonstrate that the bankruptcy court abused its discretion in denying reconsideration on any ground.

## CONCLUSION

For the reasons explained above, we AFFIRM.